## Case No. 9,134.

### MARSHALL v. UNION INS. CO.

[2 Wash. C. C. 411.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPORTANCE THEREOF.

The court granted a new trial, on the ground that new and material evidence had been discovered. which the court deemed so important. as that the same should be submitted to the jury.

[Cited in Macy v. De Wolf, Case No. 8.933: Aiken v. Bemis, Id. 109.]

This was a motion for a new trial, on the ground that new and material evidence had been discovered since the trial. Vide [Case No. 9,133]. The new evidence consisted of documents from the custom-house at New York, tending to invalidate some of the testimony given on the trial, and to show that the sale by the Spaniard was not bona fide, but a mere cover, and the goods, in fact, not neutral property.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

E. Tilghman, against the motion, stated, that when this case was reached upon the trial list, Mr. Dallas, for the defendant, mentioned, that the commission, which had been received a day or two before from New-York, gave him reason to suspect that further testimony might be obtained from the custom-house, and that he had sent on there accordingly. Upon which, the plaintiff's counsel declined pressing on the trial, and left it to Mr. Dallas, whether it should then come on or not. It was, therefore, now too late to urge this testimony as a ground for a new trial. The defendants had chosen to take the chance of a trial upon the evidence they had, and ought not to be allowed a new one on this new evidence, for the production of which, the plaintiff's counsel had offered to wait. He also contended, that the new evidence was not material, and did not affect the merits of the case.

Mr. Dallas, for the motion, replied, that he did not, at the time of the trial, understand the proffered indulgence of the plaintiff's counsel to go so far as Mr. Tilghman did, and as it was merely a suspicion that further testimony might be obtained, he would not have been warranted in requesting from the court, or even from the counsel, a continuance of the cause. As to the materiality of the new evidence, he relied upon it as decisive against the defendant.

BY THE COURT. This is a rule to show cause why a new trial should not be granted, upon the ground of material evidence discovered since the trial. We are satisfied that the newly discovered evidence was not known at the time of the trial, although the defendants' counsel, upon seeing the New-York commission, which only came to hand a few days before the trial, suspected, from some parts of it, that some useful information might be collected. But this would not have been a good reason for continuing the cause; and as the counsel differ, with respect to what passed between them at the bar, we cannot say that Mr. Dallas understood that his opponents would have consented to a postponement, although we are well satisfied, from their declarations, that they would have so consented. But, certainly, he had no ground for insisting upon it.

As to the materiality of the evidence, we cannot positively decide, nor, perhaps, would it be proper now to give a positive opinion about it. It may be explained, but at present it appears to have a considerable bearing upon the point on which the cause turns, and we think it ought to be submitted to a jury.

Rule. for a new trial, absolute.

[Upon the new trial there was a verdict in favor of the defendants. Case No. 9,135.]