## Case No. 109.

### AIKEN v. BEMIS.

[3 Woodb. & M. 348;[1] 2 Robb, Pat. Cas. 644.]

Circuit Court, D. Massachusetts. Oct. Term, 1847.

PATENTS FOR INVENTIONS—INFRINGEMENT—MATERIALS USED—EXCESSIVE DAMAGES—EVIDENCE—RES GESTÆ—DEPOSITIONS—NEW TRIAL.—WEIGHT OF EVIDENCE—NEWLY-DISCOVERED EVIDENCE—COSTS.

1. A new trial will not be granted on the ground that the verdict is against the weight of evidence, if there was some to be weighed on both sides, unless some clear mistake is shown, or some manifest abuse of power.

[Cited in Whetmore v. Murdock, Case No. 17,509.]

2. Where the action is for a misfeasance in violating a patent, and $2,000 damages are given, the court will not set it aside on the ground that they are excessive, unless they are plainly and largely beyond the injury inflicted.

3. The declarations of a person as an agent, in relation to the business entrusted to him, and made at the time when so entrusted, are competent concerning it in an action by a third person against the principal, as a part of the res gestae, if they relate to the act clearly.

[Cited in Wilkes v. Dinsman, 7 How. (48 U. S.) 123.]

4. A new trial will be granted for newly discovered evidence, if there was not gross neglect in not procuring it at the first trial, and if it is not merely cumulative. Evidence is cumulative if it relates to the same subordinate or specific fact, to which proof was before adduced of a like character, but not when it is a new fact respecting the general question or point in issue.

[Cited in Whetmore v. Murdock, Case No. 17,509; Bentley v. Phelps, Id. 1,332.]

5. Where depositions or affidavits are taken with notice in conformity to a special order, but when the opposite side was not able to confer with his counsel and attend, they will be admitted with the condition that the opposite party have time to take them over again and cross-examine the witnesses.

6. Costs of the former trial must usually be the terms for a new trial on the ground of newly discovered evidence.

7. Where a patent for a saw-set describes it as having a hammer of iron with a steel point, and says nothing of any other material or equivalents, and the evidence was, that a hammer entirely of steel had first been tried and abandoned by the patentee, before taking out his letters in this form, doubts exist, whether saw-sets made by the defendant with hammers entirely steel are a violation.

[Cited in Winans v. Denmead, 15 How. (56 U. S.) 347.]

At law. This was an action on the case [Herrick Aiken against S. C. Bemis] for violating a patent of the plaintiff. The letters were averred to have been obtained May 24th, 1830, for "a new and useful improvement on the saw-set," and the infringement to have been made in A. D. 1837 and 1838. At the trial here, at the last May term, before Sprague, J., the patent was given in evidence and described as consisting of a hammer, a shank, a regulating screw and spiral

[1][Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

spring. It is not necessary to describe either of them, except that the hammer was to be of iron with a steel point. Much testimony was put in tending to prove that saw-sets similar to this had been known and used a few years before the date of these letters, and other testimony by the plaintiff to raise a presumption that some of the saw-set machines, which, by some of the witnesses of the defendant, were sworn to have been used earlier, were probably made by the plaintiff, after his invention and the maturing of his saw-set, which happened about two years previous to the taking out of his patent. The evidence, showing an infringement by the defendant, proved that the hammers in his saw-sets were all made of steel, and not in part of wrought iron, and that the plaintiff, in experiments made before completing his saw-set, found that steel hammers broke frequently, and wrought iron ones enduring longer, his specification was confined to the last with steel points. The defendant therefore moved for a nonsuit on this ground, which the court refused. The plaintiff then offered further proof that the manufacture by the defendant extended to six or seven hundred dozen, and that the profit on the sale of them was $2.00 per dozen. In the course of this testimony a witness swore that one Call, who made some of these saw-sets, was a foreman for Bemis, and that Call said he had made a certain number or them in all, specifying it, and gave to the witness an order on Bemis for the wages for his work. The admission of this testimony to that statement about the number was objected to, but it was allowed to go to the jury. A verdict was returned for the plaintiff for $2000 damages.

A motion was made for a new trial by the defendant, assigning the following causes. 1. The refusal to nonsuit the plaintiff for the variance in the hammer described in the specification, from that hammer made by Bemis. 2. The admission of Call's declarations as to the number of saw-sets made by Bemis. 3. The damages being excessive. 4. The verdict being against the weight of evidence. 5 Newly discovered evidence since the trial.

The affidavits as to the newly discovered evidence were numerous. The oath of the defendant showed that this new evidence not known before the trial, though one of the witnesses was named in the notice of the defense, thinking that as a mechanic, he was likely to know something of the subject. But he was not talked with nor summoned. A portion of the other witnesses resided at distances not very remote from the defendant. The substance of the newly discovered evidence was in depositions taken under an order requiring notice to be given to the opposite party. Their use was objected to by the plaintiff, because the notice was so short, that his counsel were unable to see him or confer together before the time arrived, and to reach the place of taking them seasonably.

But the court, on being satisfied no unfairness was intended by the defendant in the notice, stated that the depositions would be admitted conditionally, as they came within the order. In this class of inquiries they might, without a special order, always be ex parte. But the court said, that, if admitted, time would be allowed to the plaintiff, under the circumstances, to take the depositions over again, and cross-examine the witnesses, if he desired it. The plaintiff concluded to proceed without doing this. Among the new witnesses was Ealim Stebbins, who testified to seeing a saw-set like this, except brass for iron in the guards, as early as 1820, at Goodnow's, and another, belonging to D. B. Perkins, afterwards. Another witness was D. B. Perkins, who swore to seeing one like this as early as 1816, in Waterville, Me., one in Lancaster, N. H., in 1826, and one bought in Connecticut in 1828. The next new witness was Jethro Latham, who testified to buying another saw-set, like this in principle, between 1824 and 1826, in Rhode Island. Another new witness, O. Dickerson, testified to seeing in 1828 a different, but in some respects similar saw-set. Another, A. Blanchard, swore to the making, by himself and brother, in Palmer, Mass., of a like saw-set in 1826. It was constructed from a description given by his brother. He swore to another made in Springfield, by two machinists, in 1823 or 1825. Eli Parsons testified that he bought another similar one at Springfield in 1827. Horace Lee swore to another still in 1820, in Hartford, Conn., and Dyer White to another, less like the plaintiff's in form, but with some such principles, made by him in 1819.

The motion was argued at an adjourned session in September, 1847, by Bates and B. R. Curtis in its favor, and Hayes and J. P. Hale against it.

Before WOODBURY, Circuit Justice, and SPRAGUE, District Judge.

WOODBURY, Circuit Justice. It may not be amiss for the benefit of these parties, to notice all the grounds assigned here for a new trial, though we decide the question only on one of them. The cause relied on as to the damages being excessive, is not so clearly made out as to justify the setting aside of a verdict in an action for misfeasance. The case might be different in a suit on a contract, as there the rule of damages is more certain. Some of the data in favor of this large amount of damages in the present case, were rather loose, even for a misfeasance, but the sum given in this class of cases must be plainly exorbitant, or what is sometimes called "outrageous," to require the interference of the court. Allen v. Blunt, [Case No. 217,] and Taylor v. Carpenter, [Id. 13,785,] and cases there cited: [Leeman v. Allen,] 2 Wils, 160; [Beardmore v. Carrington,] Id. 244; [Coffin v. Coffin,] 4 Mass. 43; [Bodwell v. Osgood,]

3 Pick. 385; [Shute v. Barrett,] 7 Pick. 82; Washburn v. Gould, [Case No. 17,214.]

Another of the causes assigned for a new trial is, that the verdict was against the weight of evidence. Though this is sustained by some plausible appearances, it is not shown so clearly as to raise a strong presumption that the jury either wantonly abused their powers, or made some inadvertent mistake. These last are the leading tests in such cases. Fearing v. De Wolf, [Case No. 4,711;] [Wendell v. Safford,] 12 N. H. 171; [Jackson v. Loomis,] 12 Wend. 27; [Baker v. Briggs,] 8 Pick. 122. And where evidence existed on both sides which was material, and to be compared or weighed, as it did here, the finding of the jury is not to be disturbed, though the court would have come to a different conclusion upon it from that of the jury. See the cases cited in Fearing v. De Wolf, [Case No. 4,711,] and May [Macy] v. De Wolf, [Id. 8,933;] [Cunningham v. Magoun,] 18 Pick. 13; [Coffin v. Phenix Ins. Co.,] 15 Pick. 291; [Fowler v. Aetna Fire Ins. Co.,] 7 Wend. 270; 1 Sumn. 451, [Alsop v. Commercial Ins. Co., Case No. 262;] [Wendell v. Safford,] 12 N. H. 179.

But the other reasons assigned for a new trial are of a different character, are supposed to be errors in law, and rest on exceptions entirely disconnected with the finding, or the opinion of the jury. One is a question arising on the refusal of the court, in the progress of the trial, to nonsuit the plaintiff on account of a variance between his specification and the form or substance of the machine, which was considered as an encroachment on the patent. It is well settled that if the machine used by the defendant differed materially from that described in the patent, it is not an infringement. Davoll v. Brown, [Case No. 3,662.] Webst. Pat. 11; [Brunton v. Hawkes,] 4 Barn. & Ald. 540. Where the patent is for a new combination, and not for newly invented parts, a violation must extend to the whole. [Prouty v. Ruggles,] 16 Pet. [41 U. S.] 341. The present was a case of the former character, for a combination, and the difference in the patent from the instrument here, consists in this—that the hammer of the saw-set was all made of steel by Bemis, and that all but the point was made of wrought iron in the patent. This looks, at the first blush, as not a very material difference, and one rather colorable or accidental, than designed. 1 Sumn. 485, [Ames v. Howard, Case No. 326;] [Heath v. Unwin,] 13 Mees. & W. 592; Phil. Pat. 372; Pet. C. C. 394, [Gray v. James, Case No. 5,718.] But when we advert to the evidence in the case, it appears that the use of wrought iron was found by experiments to be much better than steel, and was hence patented, and this, without making the specification in terms broad enough to cover steel also. It is a matter of doubt, therefore, whether the use of an inferior material for the hammer of the saw-set, when the patent covers only a superior one, is a legal violation of it. Why should the plaintiff complain of what he had tried but deemed too useless or valueless to be adopted? Had the patent extended only to the form or parts of the saw-set, combined as set out, and made of any kind of materials, or saying nothing as to the materials, the right would be violated by a machine of like form, as the form would be the sole matter patented. But when the patentee chooses to go farther, and cover, with his patent, the material of which a part of his machine is composed, he entirely endangers his right to prosecute when a different and inferior material is employed, and especially one, which himself, after repeated experiments, had rejected. Webst. Pat. 27; [Electric Tel. Co. v. Nott,] 4 Man. G. & S. 462; 4 Mason, 1, [Earle v. Sawyer, Case No. 4,247;] [Lewis v. Davis,] 3 Car. & P. 502. The form of the specification in this case, extending to the material at all, was ill-advised, and especially so, without adding, as is usual, if made of any other material in the form and combination described. Webst. Pat. 20; [Prouty v. Draper,] 16 Pet. [41 U. S.] 341; [Brunton v. Hawkes,] 4 Barn. & Ald. 540. But we do not now decide this case on this point, being inclined, if practicable, to let the parties settle their rights on the merits as to the originality of the patent.

Another exception in law to the ruling of the court, is the admission of the declarations of Call. The ground on which their admission was sought to be justified, seems to be that Call was the agent of Bemis, and the declarations of the agent will often bind the principal. This ground is sound whenever the person is proved to have been agent in that particular business, and made the declarations while engaged in it, and in relation to it. They then become a part of the res gestae, and bind the principal as if made by himself. [U. S. v. Gooding,] 12 Wheat. [25 U. S.] 468; [Sundry Goods, etc., v. U. S.,] 2 Pet. [27 U. S.] 364; Story, Ag. § 134; [Haynes v. Rutter,] 24 Pick. 245. I am inclined to think here, that, in truth, these declarations were made under such circumstances. But their admission being an exception to the general rule, that a party is not to be affected by the declarations of third persons, it would have been well to have shown with more distinctness, whether Call's agency extended to this particular business, and whether the declarations were made when he was engaged in it, and not afterwards. 2 Starkie, Ev. 60; Greenl. Ev. 144; Phil. Ev. 103; [Enos v. Tuttle,] 3 Conn. 250; [Sessions v. Little,] 9 N. H. 271; [Pool v. Bridges,] 4 Pick. 378; [Allen v. Duncan,] 11 Pick. 309.

Passing by this last fact as not so clear either way, as to be decisive of the motion,

I proceed to the other cause for a new trial, growing out of the new discovery of material evidence since the trial. On that, it is thought proper the jury should have an opportunity to deliberate, at least once, before disposing finally of the rights of these parties. The rules as to such evidence, when sufficient or not, to require a new trial, were fully considered and explained in Macy v. De Wolf, [Case No. 8,933.] The limitations are that—1. The evidence must not have been known before the trial. [Doe v. Roe,] 1 Johns. Cas. 402; [Vandervoort v. Smith,] 2 Caines, 155. 2. It must be material. 2 Wash. C. C. 411, [Marshall v. Union Ins. Co., Case No. 9,134.] 3. It must not be merely cumulative. [People v. Superior Court of City of New York,] 10 Wend. 285.

There is no doubt here, that most of this new evidence has been discovered since the trial, and, indeed, a part of it since the motion. This is sworn to and not contradicted. It is true, that in the notice given one of the witnesses was referred to before the trial, as likely to know something on the subject, and others resided near the parties. But the testimony is, that it was not then known whether any of them could in truth testify to what is material. Nor was that known as to some, even when this motion for a new trial was made. Next did the defendant employ due diligence? In a case like this, where the transactions or matter to be proved about similar saw-sets in use was of such long standing, being twenty years or more old, and where the defendant was not a party to them. nor supposed to possess any peculiar or previous knowledge of them, I do not see sufficient ground for imputing to him such negligence as should bar him from using this evidence. See cases in Fearing v. De Wolf. [Case No. 4,711.] And so far from excluding him from the use of any new evidence not discovered when the motion for a new trial was made, but ascertained before the hearing of the motion, and before judgment, certainly when the motion, as here, is broad enough in form, and early enough by our rules, the new evidence ought in justice to be considered and weighed with the rest. It may be regarded as a breach of the rule concerning the proof being newly discovered, that if evidence was not, in fact, known before the other trial, but ought to have been, and probably would have been by the exercise of due diligence, a new trial should not be awarded in consequence of it. It is true here, also, that the new witnesses did not reside very remote. But it is not shown that the defendant knew previously what they could testify, or had any special reason to suppose they were able to give useful testimony. And so far as he might suppose, on general facts and reasoning, that most mechanics would be likely to know something of the subject, he certainly seems to have resorted to enough of them, and used the testimony of enough at the

trial to show due diligence, so far as required by any general information or duty. Nor can there be any question here that the new evidence is material. It goes to the very gist of the claim of the plaintiff, the originality of his patent. It goes, likewise, to several new saw-sets, similar in structure, testified to have been in use some years earlier, besides strengthening the old testimony, as to some of the old saw-sets proved at the former trial. The ends of justice, therefore, render it proper that a jury should, once at least, pass upon this testimony between these parties, as to saw-sets not sworn to, nor known before, unless it is what the law regards as merely cumulative. For it is, as before named, the last and an important condition, as to newly discovered evidence, that it be not merely cumulative. This means, that it be not heaping up farther proof as to the same point or fact, on which evidence was before offered. If it only serve to strengthen such old point or fact, and not to introduce any new one to the jury, a new trial is not allowable on account of it.

The only difficulty under this rule is, what must be considered, in this case, a new point or fact, and what is merely cumulative, as to an old one. When, as here, the general defense is placed on the ground that the patent of the plaintiff was not original, the meaning of the rule cannot be to exclude, as cumulative, newly discovered evidence of subordinate points or facts bearing on that general question. For in such a view, no new trial for new evidence could ever be obtained, all new evidence relating, as it must, if it be pertinent, to the general ground or general fact, put in issue before. But it must mean that new evidence to a subordinate point or fact is not competent when that subordinate point or particular fact was before gone into, because it is then cumulative or additional as to that fact. For example, here it would be a new point or fact, that a similar saw-set had been known and used in Hartford, Conn., in 1820, by the witness Lee, because nothing was proved in respect to that saw-set before. But it would not be a new point or fact, that a similar saw-set was known and used in Springfield, in 1827, by Parsons, because the point or fact was before gone into by the evidence, and further proof as to that would be merely cumulative. Much of this new evidence being then as to subordinate points and particular facts not before agitated, cannot be regarded as cumulative. [People v. Superior Court of City of New York,] 10 Wend. 285; [Porter v. Talcott,] 1 Cow. 359, 382; [Randolph v. Inhabitants of Easton,] 23 Pick. 248; [Guyot v. Butts,] 4 Wend. 579. See the precedents on this in Macy v. De Wolf, [Case No. 8,933;] [Warren v. Hope,] 6 Greenl. 479; 1 Sumn. 451, [Alsop v. Commercial Ins. Co., Case No. 262;] 1 Sumn. 482, 491, [Ames v. Howard. Case No. 326;] [People v. Superior Court of City of New York,] 10

Wend. 294; [Gardner v. Mitchell,] 6 Pick. 114; [Parker v. Hardy,] 24 Pick. 246–248. The new particular facts or cases of the prior use of such a saw-set sworn to, are on the face of the affidavits very striking and numerous. They may all be disproved or contradicted at the trial, but they are proper to be brought to such a test. They make out, prima facie, one of the strongest cases to be found in the history of new trials for this cause, and require us, therefore, to grant the motion. But in these cases of new trials for newly discovered evidence, the terms are usually that the costs of the former trial be first paid. See the cases in Fearing v. De Wolf, [Case No. 4,711.] Another reason for such terms here is the near residence of the new witnesses and not obtaining them before. Though some other causes seem to unite in rendering a new trial just, yet as this is the principal and decisive one, we think those costs ought first to be paid, unless the defendant can offer some satisfactory reason for different terms. If no such reason be offered during the session, the new trial will be allowed on paying such costs.