NEW-YORK,
May, 1830.

Guyot
v.
Butts.

---

## Guyot and wife *vs.* Butts and others, executors of Thompson.

It cannot be objecetd to the granting of a new trial on the ground of newly discovered evidence that such evidence is *cumulative*, if the evidence alleged to be newly discovered is of a different kind and character from that adduced on the trial: as where the evidence on the trial is wholly circumstantial and the evidence newly discovered is positive and direct.

In ordinary cases, where the newly discovered testimony consists of admissions made by the party against whom it is intended to be used, the motion will not be granted; but where the suit is against executors of a deceased person on a state demand, the motion for a new trial will be granted, and in such case, the court will not be astute in enquiring into the discrepancies between the testimony given and that offered to be produced on the second trial, will leave the credibility of the witnesses to be passed upon by the jury.

MOTION for new trial on the ground of newly discovered evidence. This action was tried at the Rensselaer circuit in November, 1828, when the plaintiffs obtained a verdict for $564,86 on a due bill for $300 made by the testator, payable to Mrs. Guyot, bearing date 17th September, 1816. The testator died in 1827. The defence attempted to be made out on the trial was payment; to prove which circumstantial evidence only was adduced, such as the poverty of the plain-

tiffs, their repeated declarations that they possessed no property, and that they depended upon their earnings for their support, and that Thompson was a merchant, and refused to let the plaintiffs have goods on credit since the year 1816, though repeatedly applied to for that purpose, and exacted payment for such goods as were purchased by them of him. In addition to this general evidence, one witness testified that in the year 1820, Thompson sold a small farm which had before belonged to Guyot to her husband; that previous to such sale, the plaintiffs told the witness that if Thompson could sell the place for $300, there would be enough to pay him and get them a yoke of oxen; that Thompson had such oxen, but would not let them have them unless the place was sold; that soon afterwards the plaintiffs drove a yoke of oxen home, which they said they had of Thompson. This witness further testified that she understood that the price of the place sold to her husband was paid to Thompson, and that the surplus, after paying what was due him, she understood was to go to the plaintiffs. This was the substance of the evidence adduced on the part of the defendants.

The affidavit of newly discovered evidence disclosed that Butts, the acting executor of the will of Thompson, since the trial had discovered that he could prove by one Eli Vickery the admissions of the plaintiffs made previous to the death of Thompson that nothing was due upon the due bill in question; that the same had been paid, and a settlement had between the plaintiffs and Thompson; the due bill not being produced on the settlement, it being represented by the plaintiffs to have been lost. The affidavit further stated that similar admissions would be proved by other witnesses who were named, but their affidavits were not produced, and no reason assigned, for their non-production. The affidavit of Vickery, however, was produced, in which he stated that in 1817, he, as a justice of the peace of Nassau, on the suggestion of the overseers of the poor of the town that the plaintiffs might become chargeable as paupers, they having then lately removed into the town, enquired into their circumstances; that they then told him that Thompson had funds of theirs in his hands which he was to pay for a place he was about to purchase

for them; that one, two or three years afterwards, the plaintiffs told him that Thompson had paid the money for the place, and the wife of Guyot, in the presence of her husband, stated that the money was hers, and that she had had a due bill for it from Thompson; that they had made a settlement with Thompson, and that at the time of the settlement the due bill was lost or mislaid, and that Thompson then owed them nothing.

In opposition to the motion it was shewn, by the affidavit of the plaintiffs' attorney, that in support of a replication to the plea of the statute of limitations interposed by the defendants, it was proved on the trial, by one witness, that in 1824, Mrs. Guyot asked Thompson for some money, who handed her a bill; that Mrs. Guyot said this ought to be endorsed on that note; that Thompson answered yes, I will make it all right. That she then remarked that she wanted the interest as fast as it became due; to which Thompson replied, very well Mrs. Guyot, I will see the note paid. That it was also proved by another witness that in the same year Thompson, in answer to an application by Mrs. Guyot for money, said he would help her to some next week; and by a third witness, that about three years before the trial, he was present at a conversation between Thompson and Guyot, in which Thompson asked Guyot, if he wanted money; Guyot said his wife wanted some to pay the expenses of a journey; upon which Thompson said, "Tell Mrs. Guyot, not to be uneasy; I will pay up the note, part or all of it the next winter."

*J. P. Cushman*, for defendants.

*W. Darling*, for plaintiffs.

*By the Court*, MARCY, J. The principal objection relied on in opposition to the motion is, that the newly discovered evidence is *cumulative*. I find no case in which a very distinct definition is given of cumulative evidence. The courts have sometimes used expressions seeming to warrant the inference that proof which goes to establish the same issue that the evidence on the first trial was introduced to establish, is

cumulative. If the evidence newly discovered, as well as that introduced on the trial, had a direct bearing on the issue, it may be cumulative; but we are not to look at the effect to be produced as furnishing a criterion by which all doubts in relation to this kind of evidence are to be settled; the kind and character of the facts make the distinction. It is their resemblance that makes them cumulative. The facts may tend to prove the same proposition, and yet be so dissimilar in kind as to afford no pretence for saying they are cumulative.

That the note was paid by the testator, was the simple proposition which the defendants on the trial attempted to establish by the testimony then offered, and they now wish an opportunity of introducing the newly discovered evidence to accomplish the same object; but the facts by which they propose to do it are of a distinct character from those which they proved on the trial. The lapse of time between the date of the note and the death of the testator; his ability to pay, evidenced by his being a merchant in active business; the poverty and pecuniary embarrassment of the plaintiffs; their want of credit with the very man who, if their claim is just, was at the same time their debtor, were the essential facts upon which the defence at the trial rested. They only made out a presumption of payment. If the object of this motion was to produce facts of a like character to reinforce ever so strongly that presumption, they must be regarded as cumulative; but proof that the plaintiffs acknowledged that they had settled with the testator, and included in their settlement the very demand for which this action is brought, is a fact of a different kind from any proved on the trial. Though it is to establish the same proposition (the payment of the note) which was designed to be established by the other evidence, it ought therefore to be adjudged cumulative.

I feel the force of the objection to letting in proof of the declarations of the parties. In ordinary cases we should be disposed to take a stand against an application like the present; but there are peculiar features in this case. The suit is for a stale demand; and, considering the situation of the

parties, it is somewhat surprising that it should have been kept so long on foot. But what chiefly influences me, is the fact that the defendants are executors, who may reasonably be supposed to be without the means of discovering and collecting facts which the immediate parties to the transaction possessed.

As a reason for denying the motion, it is urged that the newly discovered evidence will clash with the testimony given on the part of the defendants. This collision is not perceived to be such as to impair, in any great degree, the credit of the witnesses. It is undoubtedly true, that if the court should be satisfied that the newly discovered facts are wholly inconsistent with those which had been relied on in the first trial, they would not grant another trial for the purpose of laying them before a jury ; but on a motion like this, we ought not to go into a rigid scrutiny of trifling discrepancies which may be explained, or, if not explained, only produce an abatement of credit among the witnesses. If there be cause for suspecting the integrity of the witnesses by which the newly discovered facts are to be proved, it is the right of the party to have their credibility passed on by a jury whose province it is to weigh and determine the credibility of witnesses.

Motion for a new trial granted, on payment of costs by the defendants.