## Vardeman *et al. v.* Byrne *et al.*

A new trial awarded on the ground of newly discovered testimony.

Cumulative testimony is additional evidence to support the same point, and which is of the same character with evidence already produced.

It seems that although the newly discovered evidence be intimately connected with some parts of the testimony at the trial, yet if it be specifically distinct, and bear upon the issue, a new trial will be granted.

IN ERROR from the circuit court of the county of Holmes.

This was an action of assumpsit upon a bill of exchange, purporting to have been drawn by the defendants and others. The defendant Vardeman put in a plea under oath denying its execution.

It was in proof that he could neither read nor write. It was also in proof that he had admitted he had signed a blank bill of exchange with the same parties which appeared on this bill, but that it was to be filled up for only sixteen hundred or seventeen hundred dollars; that this was for three thousand dollars, and that he was not satisfied this was the same bill. It was in proof on the part of the defendant, that at the time the bill of exchange bears date, he was in Tennessee. These witnesses who prove his absence were not present when the bill was drawn, but speak from their recollection of the time when he was away. The jury found a verdict for the plaintiffs. At a previous term there had been a mis-trial in the cause.

After the verdict Vardeman moved for a new trial upon the ground of newly discovered testimony; and along with his own affidavit he files that of the witness. This witness states that he was present at the time the bill of exchange was drawn, and that Vardeman was not present. That his name was signed by one Benjamin W. Russell, who is now dead; and that he did it at the

request of Richard Compton. That Compton applied to witness to do it, but he declined, and thought the whole occurrence so extraordinary that he made a memorandum of it at the time, which he still has. The court overruled the motion for a new trial. Bills of exception were filed putting the whole evidence upon the record, containing exceptions to the charge of the court, and to the order refusing a new trial. This last order was the only matter which the court deemed it necessary to notice.

MAYES for plaintiff in error.

For plaintiffs in error it is contended, 1st. That the verdict was clearly against the evidence, and for that cause a new trial should be granted. The plaintiffs' evidence, taken most strongly against the defendant Vardeman, does not conduce to prove any one of the causes of action stated in his declaration.

The first count is upon a special contract, that if plaintiffs would accept the bill therein · mentioned, he would indemnify them. The evidence does not squint at any special agreement whatever.

The third count is upon an account stated, and no allusion is made by any witness to the accounting together by the parties.

The only remaining count is general *indebitatus assumpsit* for money lent and advanced, money had and received, money paid, laid out and expended, &c.

The plaintiffs' evidence all relates to and tends to authorize the verdict on this count, or on none. To warrant the verdict rendered, it was indispensable there should be proof against James Baker, as well as Vardeman. Now it is not proved that James Baker had any connection whatever with the matter, either by drawing the bill, receiving money, or otherwise. Illsley expressly states that he knows nothing of the drawing of the' bill except what appears on its face, and no one shows it to be the bill of James Baker. It is true there is a bill copied in the record purporting to be signed James Baker, but no proof that he signed or authorized it. The conversations of Vardeman are no evidence against Baker, and consequently the verdict was against evidence, for the act of assembly dispensing with proof of a bill, &c., unless denied by plea under oath only relates to cases where the action

is founded on the bill, and not to cases where it only comes forward as matter of evidence in support of a count upon a special contract of indemnity, or in support of general *indebitatus* counts.

But again: Vardeman denies the execution of the bill on oath. All the evidence against him consists of his statements made in private to the plaintiffs' agent Illsley, and their attorneys Fitch and Brown.   Confessions are at all times the weakest evidence deemed competent in the law, and have very little weight.   1 Pirtle's Digest, title Evidence, and cases there referred to.   Here they appear to have been made, if at all, by a most illiterate man, in the presence of those only whose whole feelings and interests were against him; and two of them, Illsley and Brown, stand contradicted in important particulars, by Lansdale and Noel; besides which he did not in either conversation admit the genuineness of the bill, but expressly said to Illsley that he had signed a bill in blank, and was not satisfied that this was that bill. In the conversations with Fitch and Brown, whether he did or did not execute the bill was never a subject of conversation; he never did admit himself bound by it, but insisted that the money ought to be made off of Baker, and it is at most a far-fetched and forced presumption, and against the fact that he admitted himself bound by the bill.   Besides which, the evidence of Rhoda Compton and Fuzell strongly show it was not his bill.   The verdict, therefore, as to Vardeman, was against the weight of evidence.

The court erred in instructing the jury.   If correct in point of law, the instructions when applied to this cause were mere abstract propositions, and they are not true in point of law.   There is no law that if, after a forged bill or note has been accepted and paid, the person whose name has been forged recognize it, he is bound. If he were expressly to promise, the promise would be *nudum pactum*.   2 Evans's Pothier, commencing at page 1.

The court should have granted a new trial on account of the evidence newly discovered.   That evidence will fully show the exact facts of the case.   These were not in evidence, and it would certainly lead to a different verdict.   The plaintiffs' references have no application to the case.   The saying of the court in the case in 2 Howard is against them.

WILKINSON and MILES, for defendants in error.

The judgment of the court below in overruling the motion for a new trial is the error complained of.

That application was founded on the following grounds, to wit: that the court misdirected the jury; that the jury found contrary to law and evidence; and for newly discovered testimony.

The first point we will not discuss. The principle of law on which the instruction was based is too familiar, and is founded on reason too obvious to require argument in its support.

The record fully supports the finding of the jury. The entire case turned upon matters of fact, of which the jury were the peculiar and exclusive judges, and this court will not interfere with their verdict. It was competent for the jury, on weighing the whole testimony, to find either for or against the defendant. Having found against him, this court will say the finding was correct. The evidence embodied in the bill of exceptions shows, that Vardeman acted in such a manner as to induce the belief that he considered himself bound; that he acknowledged himself bound; and made every effort to enforce the payment of the bill of exchange from those primarily liable. If the jury believed that Vardeman either by acts or express declarations had acknowledged his liability, and recognized the signature to the bill of exchange as his, (and from the evidence they could not believe otherwise,) it was not only their privilege but it was their duty to find for the plaintiff. 3 Wash. C. C. Rep. 58; Gilpin, 389.

As to the newly-discovered evidence, relied on in support of the motion for a new trial, we only deem it necessary to draw the court's attention to it. The new testimony alleged to have been discovered would go to prove a fact abundantly proved on the trial. Two witnesses on the trial proved that the bill of exchange was not signed by Vardeman; and that he was absent from home and in the state of Tennessee at the time of its execution. The newly-discovered testimony is, therefore, strictly cumulative, and furnishes no ground for a new trial. See 2 How. R. 891; 1 Caine's Ca. in Er. 24; 1 Sumner's C. C. Rep. 482, cited in 3 Peters' Dig. 108; 9 Cow. Rep. 226; 5 Wend. Rep. 114; 2 Hall, 391; Hardin's Reports, 343; Hardin's Reports, 451-2-3-4-5-6; 10 Wendell's

Vardeman *et al. v.* Byrne *et al.*

Reports, 292; 2 Caine's Reports, 129; 8 Johnson's Reports, 65; 15 Johns. Rep. 210; 10 Wend. 285.

Mr. Justice CLAYTON stated the case, and delivered the opinion of the court.

It is insisted by the counsel of the defendants in error, that the newly-discovered testimony is merely cumulative, and the new trial was therefore properly refused. If it be true that the evidence is cumulative, then the decision of the circuit court was correct; for it is well settled, that a new trial should not be granted to let in evidence of that character. This makes it necessary to ascertain what is meant by *cumulative evidence.* We have found no better definition than that contained in the case of The People *v.* Superior Court, New York, 10 Wendell, 285; it is there said to mean, "additional evidence to support the same point, and which is of the same character with evidence already produced." The same idea is more fully illustrated in Guyot *v.* Butts, 4 Wend. 579. It is there said, "the courts have sometimes used expressions seeming to warrant the inference that proof which goes to establish the same issue, that the evidence on the first trial was introduced to establish, is cumulative. If the evidence newly discovered, as well as that introduced on the trial, had a direct bearing on the issue, it may be cumulative; but we are not to look at the effect to be produced, as furnishing a criterion by which all doubts in relation to this kind of evidence are to be settled. The kind and character of the facts make the distinction. It is their resemblance that makes them cumulative. The facts may tend to prove the same proposition, and yet be so dissimilar in kind as to afford no pretence for saying they are cumulative." Hence, says Mr. Graham, "although the new evidence be intimately connected with some parts of the testimony at the trial, yet if it be specifically distinct, and bear upon the issue, a new trial will be granted." Graham on New Trials, 493.

Tried by this test, we do not think the newly-discovered evidence in this case can be regarded as cumulative. None of the witnesses, who testified on the trial, were present when the bill of exchange was drawn; their evidence is not consequently of the

Vardeman *et al. v.* Byrne *et al.*

same kind with that which is now sought to be introduced. We think therefore that this is a case in which a new trial should be granted, and we so direct. We do this the more readily, since there was one mistrial in the cause.

We do not perceive any objection to the charges which were given by the court to the jury, upon the trial; we reverse the decision only upon the ground of error in refusing the new trial.

Judgment reversed, and *venire de novo* awarded.