*Litchfield,*
*July,* 1850.

*Bethlem*
*v.*
*Roxbury.*

————◆————

## WALLER *against* GRAVES.

To entitle a party to a new trial for newly discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial.

But where the party did not know the existence of the evidence, and was not put upon enquiry in regard to it, until the witness by whom alone it could be fully

*Litchfield,*
July 1850.

Waller
*v.*
Graves.

proved, had gone beyond his reach; it was held, that the non-production of this evidence on the trial, did not evince the omission of reasonable diligence in the party.

If the evidence claimed to be newly discovered, is merely cumulative, a new trial will not be granted, unless the effect of it will be, to render clear and positive that which was before equivocal and uncertain.

By cumulative evidence is meant additional evidence of the same general character, to the same fact or point which was the subject of proof before.

Evidence of distinct and independent facts, of a different character, though it may tend to establish the same ground of claim or defence, or relate to the same issue, is not cumulative, within the rule.

Therefore, where the ground of defence to an action for a libel, brought by *A* against *B*, was, that the libellous writing, after it was signed by *B*, and before publication, was altered, by the insertion therein of material words, without the knowledge or approbation of *B*; and on the trial, *C*, who drew up the writing, testified, that the writing, as published, was not like the paper written by him and signed by *B*, in that it did not contain the words in question; and it was afterwards discovered, that *D*, without the knowledge or consent of either *B* or *C*, inserted those words; on a petition for a new trial, brought by *B*, it was held, that the testimony of *D*, showing this fact, was not exceptionable as cumulative evidence.

THIS was a petition for a new trial of a cause, which had previously come before this court. *Graves* v. *Waller*, 19 *Conn. R.* 90. For the nature of the action and the declaration, it is sufficient, for the present purpose, to refer to the report of that case.

On the trial of the cause to the jury, it became a material question, and one on which the determination of the cause depended, whether the words " rapacious creditor," were in the original manuscript, when it was handed to the editor of the *New-Milford Republican*, the news-paper in which it was alleged to have been published, or were inserted in the manuscript or published in the news-paper, by some person, unknown to the petitioner, and without his knowledge; the plaintiff in that suit claiming the former branch of the alternative, and the defendant the latter.

The plaintiff introduced evidence tending to prove his claim. The defendant, on the other hand, introduced *Sylvanus Merwin*, as a witness, who testified, that he drew up in part the certificate on which the action was founded; that he asked *Waller* if he would sign it? that *Waller* asked him what it was? that he then read it over to him; that he made no objection to signing it, and said it was true; that the words " rapacious creditor," were not in it; that he did not tell

*Waller*, that he intended to publish it; and that he, *Merwin*, sent it to the publisher of the news-paper, but did not authorize the continuance of it the second week; that he saw the piece, soon after it was published, and discovered that it was different from the manuscript when sent to the publisher.

On the hearing of the present petition also, *Merwin* was a witness, and testified, that he did not authorize any one to make any other alterations in the manuscript than such as were necessary to make its language grammatical.

It was also proved, on the trial of the original action, that *John Gaylord*, at the request of the plaintiff in that action, went to the defendant *Waller*, with a paper containing the publication claimed to be libellous, and calling his attention to it, asked him if it was true, and if he signed it, and if he authorized its publication? And the witness stated, that *Waller* answered these questions in the affirmative, and that in the course of the conversation, he read the piece to *Waller*.

It appeared also, that *Joseph K. Averill*, referred to in the present petition as the witness who will testify, that the words " rapacious creditor," were inserted in the libellous publication, without the consent or knowledge of *Waller*, continued to reside in the town of *New-Milford* from the time of the publication to the fall of that year, (1846,) when he removed to the town of *Litchfield*, where he remained until about the 1st of *May*, 1847, previous to the trial, when he left *Litchfield*, without the knowledge of the petitioner, and has ever since, with the exception of a short residence in the city of *Hartford*, continued to reside without the limits of this state, and in parts unknown to the petitioner.

The deposition of *Averill* as to the alteration of the original manuscript, was annexed, and made part of the finding of the court in the case. In that deposition, the deponent testified, that being the publisher of a weekly news-paper in *New-Milford*, entitled *The New-Milford Republican*, he published in that paper, in *April* or *May* 1846, a writing signed by *Homer Waller* of *New-Milford*, reflecting somewhat severely on the character and person of *Jedediah Graves*, father-in-law of *Sylvanus Merwin;* that this writing came to the deponent's office in the hand-writing of said *Merwin ;* that the deponent was instructed, by a private note from

*Merwin*, to make such alterations in the body of the writing, as he saw fit, to make it read grammatically, which he did accordingly ; that the words " rapacious creditor," and some others, were inserted by the deponent, without the consent or knowledge of *Waller*, or even his approbation ; and that the substance of the whole writing was materially changed from what it was when it was received by him for publication, without authority from *Waller* for so doing.

The case was reserved for the advice of this court.

*J. H. Hubbard* and *Todd*, for the petitioner, contended,
1. That the evidence was newly discovered and material. This appears from the finding of the court.

2. That if the petitioner could have availed himself of such newly discovered evidence, the verdict would have been the other way.

3. That the testimony of *Averill* is not obnoxious to the objection that it is *cumulative ;* because it is of a different kind and character from any that was adduced on the trial.

4. That there was no want of diligence, on the part of the petitioner.

*Seymour* and *H. B. Graves*, for the respondent, contended,
1. That the petition did not, on its face, disclose a case entitling the petitioner to the relief sought; because, under the circumstances of the case, he was responsible for the libellous publication, even if the words " rapacious creditor," were inserted, without his direction or knowledge. Those who acted in this business, acted in his behalf. He set the ball in motion, and did not stop it, when he might have done.

2. That the testimony of *Averill* is not a ground for a new trial, because it is merely *cumulative.* On the trial, *Merwin* testified substantially to the same facts as those stated in *Averill's* deposition. *Vernon* & al. v. *Hankey* & al. 2 *Term R.* 113. *Steinbach* v. *Columbian Insurance Co.* 2 *Caines*, 129. *Sawyer* v. *Merrill*, 10 *Pick.* 16. *Parker* v. *Hardy*, 24 *Pick.* 246. *Brown* v. *Stacy*, 5 *Arkan. R.* 403. *Commonwealth* v. *Flanagan*, 7 *Watts & Serg. R.* 415.

3. That the court will not grant a new trial for newly discovered evidence, unless the evidence is such that on a new trial, a different result would be produced ; which does not

appear in this case. *Norwich and Worcester Rail-road Co.* v. *Cahill*, 18 *Conn. R.* 484.

4. That the petitioner is chargeable with *negligence*, in not obtaining the testimony of *Averill* upon the trial. The petitioner and *Averill* were residents of the same town, months after the libel was published, and the suit was brought.

5. That the deposition of *Averill* is wholly unworthy of credit ; he being a witness volunteering to publish his own disgrace. By his own testimony, he committed forgery, under an authority to correct bad grammar.

Church, Ch. J. The most aggravated portion of the libel complained of, is that by which the plaintiff, *Graves*, was exposed to public reproach and contempt, as having, in the character and spirit of a rapacious creditor, shamefully abused *Sylvanus Merwin*, his son-in-law, and his wife and children.

This charge was libellous, and, in a good degree, gave sting and character to the whole publication, and was the chief ground of the plaintiff's claim to the recovery of damages at the trial, and upon which the issue of the cause was supposed much to depend, as we infer from the allegations in this petition, and found by the court to be true.

The ground of this application for a new trial, is, that from evidence newly discovered, the petitioner, *Waller*, can prove, that the language "*rapacious creditor*," was never used by him, in composing the article, nor approved by him, but without his knowledge, was inserted by the editor of the newspaper in which it was published, and for which unauthorized act, he ought not to be made responsible. If such is the real truth, and if the jury had so believed upon the trial, we think the result would and should have been a different one.

There is, and there should be, a reluctance in courts to disturb the verdicts of juries, unless in cases where it is most manifest, that either the law has been perverted or mistaken, or that the losing party has not had a full and impartial hearing. It is easy for a party to claim the discovery of new evidence, and it is hard that his opponent should be compelled to submit to the expence of a second trial, when such claim is either unfounded, or the result of negligence in the first preparation. We feel all this, in the present case, and with much hesitation have formed the opinion now declared.

*Litchfield,*
July, 1850.

Waller
*v.*
Graves.

To entitle a party to a new trial for newly discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for a trial, at first; and if the evidence now relied upon could have been known before the trial, by great diligence, and was not, a new trial will not be granted. Here has been our greatest doubt, in this case. But it appears, that the libellous paper was drawn up chiefly by *Sylvanus Merwin*, and *Waller* cannot fairly be presumed to have known or noticed any peculiarity in its phraseology. In hearing it read, he was probably more intent on the narrative of facts, than on the language used in the composition, and therefore, was not put upon enquiry in regard to it, until *Averill*, the editor, had gone beyond his reach. *Averill* had not disclosed the facts which he knew, to any body, and while in the vicinity, had every motive to conceal his knowledge of the matter. Under these peculiar circumstances, we cannot say, that *Waller* omitted any reasonable diligence in preparing his cause for trial.

So if the evidence now claimed to be newly discovered, is merely cumulative evidence, we cannot grant a new trial, unless the effect of it will be to render clear and positive, that which was before equivocal and uncertain.

By cumulative evidence is meant additional evidence of the same general character, to the same fact or point which was the subject of proof before. *Watson* v. *Delafield*, 2 *Caines*, 224. *Reed* v. *McGrew*, 1 *Hammond*, 386. *Smith* v. *Brush*, 8 *Johns. R.* 84. *Pike* v. *Evans*, 15 *Johns. R.* 210. *The People* v. *The Superior Court*, 5 *Wend.* 114. S. C. 10 *Wend.* 285. *Guyot* v. *Butts*, 4 *Wend.* 579. *Gardner* v. *Mitchell*, 6 *Pick.* 114. *Chatfield* v. *Lathrop, Id.* 417. *Parker* v. *Hardy*, 24 *Pick.* 246.

The fact in dispute, on the trial of this cause, was, whether the words, " rapacious creditor," were a part of the libellous writing, when it was signed by *Waller*. That they were not, was the most material ground of defence; and this ground was supported, by the testimony of *Merwin* alone, who wrote the article originally, and who swore that these words were not then in it.

From some of the cases on this subject, it may perhaps be inferred, that courts have supposed all additional evidence to be cumulative merely, which conduced to establish the same

ground of claim or defence before relied upon, and that none *Litchfield,* would be available, for a new trial, unless it disclosed or es- July, 1850. tablished some *new ground.* But this does not seem to us to be the true rule, as recognized in the best considered cases.

*Waller v. Graves.*

There are often various distinct and independent facts going to establish the same ground, on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative within the true meaning of the rule on this subject: as in the present case, *Merwin* testified only, that the libel, as printed and published, was not like the paper written by him and signed by *Waller,* in the particular referred to. But now appears a new fact, entirely independent of the testimony of *Merwin*—one, which did not exist, at the time *Merwin* speaks of; which is, that another person, without the knowledge or consent of either *Waller* or *Merwin,* inserted the objectionable words into the article, which appeared in the newspaper.

Suppose a question on trial to be, whether the note of a deceased person has been paid, and witnesses have been introduced testifying to various facts conducing to prove such payment, and after a verdict for the plaintiff, the executor should discover a receipt or discharge in full, or had discovered that he could prove the deliberate confession of the plaintiff of the payment of the note. There could be no question, in such a case, but a new trial should be granted, although the new facts go to prove the former ground of defence.

But there is another reason, why we believe this new evidence is available. *Merwin* testified, that the words "*rapacious creditor*," were not in the paper signed by *Waller;* the testimony of *John Gaylord* conduced strongly to show that they were; and probably from this conflict of proof, the jury disregarded this ground of defence. This new evidence would now come in, to render certain a turning point in the case, which had been left in doubt before. 1 *Sw. Dig.* 787. *Watts,* adm'r. v. *Howard,* adm'r. 7 *Metc.* 478.

We shall therefore advise a new trial.

In this opinion, WAITE, STORRS, and HINMAN, Js. concurred.

ELLSWORTH, J. concurred in the principles advanced in such opinion, but did not think them applicable to the present case ; and for that reason, would not grant a new trial.

New trial to be granted.