## THOMAS LEAVY v. EDWARD ROBERTS.

A new trial will not be granted on the ground of newly discovered evidence, where the additional testimony disclosed might have been discovered by the party in time for the trial if he had used due diligence in the investigation and preparation of his case.

Thus, where the defendant moved for a new trial on the ground of newly discovered evidence, which he desired to use to rebut testimony given by the plaintiff at the trial, and it appeared that one of the witnesses whose testimony was newly discovered was the defendant's son, and another was present in court during the trial, and known to defendant to be cognizant of dealings between the parties involved in the suit; and it also appeared that the reason defendant did not inform himself of the testimony which could be obtained from these witnesses was that he did not anticipate such evidence as was given by the plaintiff; *Held*, that the defendant had not used due diligence, and was not entitled to the new trial asked.

The tests by which cumulative evidence is to be distinguished, considered.

If the newly discovered evidence disclosed on a motion for a new trial relates to any fact proved on the trial, whether bearing upon the issue directly or collaterally, the evidence is cumulative, and the motion will not be granted.

APPEAL from an order at special term denying a motion for a new trial made upon the ground of newly discovered evidence. The action was to recover for certain marble mantels alleged to have been sold to the defendant; and, also, for the labor and materials used in putting them up in eight houses belonging to him in Thirty-sixth street, in the city of New York, and built

for him under a special contract therefor made with William H. Cronk. At the trial before Judge BRADY, without a jury, the material question for determination was whether the sale of the mantels was to the defendant or to the builder, Cronk. The only testimony presented was that of the parties, John McNeill and Samuel N. Cronk. The judge having found for the plaintiff for $1191.24, the amount claimed, the defendant subsequently made this motion for a new trial on the ground stated.

The proceedings at the trial, and the nature of the testimony claimed to have been newly discovered, are sufficiently stated in the opinion of Judge BRADY upon the motion, and which opinion was adopted by the general term in affirming the order appealed from.

The opinion at special term was as follows:

BRADY, J.—The motion for a new trial on the ground of newly discovered evidence must be denied for two reasons, namely:

The evidence is cumulative, and the defendant has been guilty of a want of diligence.

The question presented and controverted on the trial was whether the defendant was indebted to the plaintiff, as charged in the complaint, upon a contract made between him and the plaintiff. The defendant, who was examined on his own behalf, after the examination of the plaintiff, denied that he had contracted as charged. The plaintiff then offered rebutting testimony, which, being corroborative of the plaintiff's statement, was deemed controlling by the presiding judge. The defendant, in one of his affidavits used on this motion, states that "he was not aware of the nature of the rebutting testimony at the *time of the trial*, not having taken *any pains* to inform himself; not imagining the possibility of such erroneous testimony on the part of the plaintiff and the witness Cronk;" and, upon the allegation of a discovery of evidence bearing upon the question involved, asks a new trial. One of the witnesses, whose evidence is said to have been so discovered, is the son of the defendant.

Leavy v. Roberts.

Another witness, J. M. Grenell, was in court during the trial, attending there on behalf of the plaintiff; and the third, Buckbee, reveals certain acts and declarations by the plaintiff inconsistent with the claim made against the defendant. It also appears that Grenell was known to the parties in connection with the work and labor done by the plaintiff, and that the evidence of the defendant's son relates to an interview between the plaintiff and the defendant, in which the plaintiff committed acts and made declarations inconsistent with the claim made against the defendant. It would seem, that in reference to Grenell and the defendant's son, that the defendant was guilty of negligence in not procuring their testimony, or in not making any efforts to ascertain what either of them knew of the controversy, and the truth of the defendant's statement that he had not taken "any pains to inform himself" is shown without the admission which he makes. That he was not diligent in preparing his defence is very clear, and this alone excludes him from any consideration on a motion of this kind. It would be establishing a grievous precedent, and one of great public inconvenience, to interfere in any other case than one of indispensable necessity and wholly free from negligence. Per Chancellor KENT. *Floyd* v. *Jayne*, 6 Johns. Ch. Rep. 482. There is, however, still another reason why the motion should not be granted as before suggested. The testimony discovered is cumulative. It is said by MARCY, J., in *Guyot* v. *Butts*, 4 Wend. 579, that the kind and character of the facts, makes the distinction between what is cumulative evidence and what is not, and that the facts may tend to prove the same proposition and yet be so dissimilar in kind as to afford no pretence for saying they are cumulative.

It does not appear distinctly by any adjudication in this state what is meant by cumulative evidence in its bearing upon motions of this kind, and it is difficult, perhaps, to determine what is cumulative, and what is not, by any general definition. A series of facts may be established, all tending to prove a claim or defence, and yet a fact not proved, having the same effect, may be discovered after the trial  The evidence in the latter case

may be said to be cumulative so far as it relates to the main fact
or facts in issue; but it clearly is not as to the subject it em-
braces. It is evidence of a fact not proved, and, therefore, not
controverted; and this, I think, is what Judge MARCY suggests
in the quotation above. If the evidence be cumulative because
it relates to the issue, or one of the issues, about which any proof
has been given, then a new trial upon newly discovered evi-
dence would be an impossibility; but if the rule be that newly
discovered evidence of some material fact relevant to the issue,
and which was not proved or controverted on the trial, is not cu-
mulative, then there may be many cases in which a new trial
would be a matter of justice. This I understand to be the guide
on questions of this kind. If, therefore, the evidence relates to
any fact proved, whether bearing upon the issue directly or col-
laterally, it is cumulative; and such I understand to be the
character of the new evidence disclosed on this motion. The
plaintiff, by his statement on the trial, was shown to have com-
mitted acts and made declarations inconsistent with the alleged
contract between him and the defendant, and which, unexplained
or uncontrolled, would, perhaps, be sufficient to prevent his re-
covery. The evidence discovered is of the same complexion.
It affects the validity of the plaintiff's claim so far as it proves
conduct at variance with the claim set up here, and nothing
more. *People* v. *The Superior Court*, 10 Wend. 286. There are
cases in which a contrary rule has been applied, but they are
exceptions to the general maxim, and distinguished by very pe-
culiar circumstances, calling for the exercise of a very liberal
discretion. This is not one of those cases. There are, it is true,
conflicting elements here, and perhaps the statements of the par-
ties are irreconcileable; but these features are common to the
great majority of cases, and more particularly since the law of
the land has given to the parties the right to be examined on
their own behalf. In cases where they are so examined, the rules
which govern motions for a new trial on the ground of newly
discovered evidence should be applied strictly, in my opinion.

                              Motion for new trial denied.

Leavy v. Roberts.

*Cummins, Alexander & Green,* for the appellant.

I. The important question at the trial was, as to whether the defendant actually purchased the mantels put up, or whether they were sold to Cronk, the person who built the houses. Upon this point the testimony, now for the first time discovered, would establish the fact that the sale was made to Cronk, the builder, and not to the defendant. .

II. It would be aiding justice by permitting a new trial, so that this testimony might be given, and the defendant relieved from the effect of the unexpected testimony of the plaintiff.

III. The new evidence of the admissions of the plaintiff respecting the sale, and the name of the person to whom he made out the bill, is not cumulative, no testimony upon this point having been given or offered at the trial. Cumulative evidence is that which only heaps up additional proof respecting a fact in the case, as to which evidence has been already given. *Acker* v. *Burns,* 3 Wood & Minot, 357; *Waller* v. *Graves,* 20 Conn. 310; *Parker* v. *Hardy,* 24 Pick. 248; *Guyett* v. *Butts,* 4 Wend. 579; *The People* v. *N. Y. Superior Court,* 10 Wend. 285.

IV. There was no want of diligence at the trial. The defendant was misled by supposing that the plaintiff would not testify to a state of facts directly contrary to those established and sworn to by the defendant.

· *John Graham,* for the respondent.

I. All the testimony pretended to have been discovered after the trial of the action, could have been obtained, with reasonable diligence, for the trial.

II. The whole of the pretended testimony is cumulative. It bears upon the defendant's liability, and that was the point litigated upon the trial. *The People* v. *The N. Y. Superior Court,* 10 Wend. 294.

III. It merely tends to contradict the evidence upon which the plaintiff succeeded. *The People* v. *The N. Y. Superior Court,* 10 Wend. 286; *Fleming* v. *Hollenback,* 7 Barb. S. C. R. 271; *Fellows* v. *Emperor,* 13 id. 92; *Mason* v. *Cockroft,* 3 Duer, 366,

are authorities showing that the defendant exhibited no reason for a new trial.

IV. That the defendant did not remember the facts his pretended witnesses could state, was and is no excuse. Shortness of memory is his misfortune. 10 Wend. 286 ; 7 Barb. S. C. R. 271.

V. The newly discovered evidence of a witness, impeached by the affidavits used to resist the application for a new trial, is no ground for a new trial. 7 Barb. S. C. R. 276.

HILTON, J.—It was the duty of the defendant to have come prepared, at the trial, with the evidence which he now claims to have "newly discovered." It is quite obvious that slight diligence or inquiry would have informed him of all the facts within the knowledge of the architect and carpenter of the buildings, the furnishing of materials for which was the subject of the trial.

His negligence in this respect affords no ground for relief, and for this, and the additional reasons stated in the opinion of Judge BRADY at special term, the order appealed from, denying the motion for a new trial, is affirmed.

Order affirmed with costs.