SARAH M. REED, Respondent, v. WILLIAM S. CLARK, Appellant.

## No. 2579; April 17, 1862.

**Breach of Promise to Marry.—Evidence to the Effect** that after an alleged promise by the defendant to marry the plaintiff the latter announced to several persons, in the defendant's absence, that she was engaged to him, is admissible to show that the promise had been accepted by the plaintiff, although not tending to prove the promise itself.

**Trial—Passing upon Admissibility of Evidence.**—It is not error for the court, in passing on the admissibility of evidence, to assume pro hac vice that a necessary preliminary fact had been established by prima facie proof.

**Breach of Promise to Marry—Pecuniary Condition of Defendant.**—In an action for damages for breach of promise to marry, it is not error for the court to charge the jury that in assessing the damages it is their province to take into consideration the defendant's pecuniary condition.

**Breach of Promise—Aggravation of Damages.**—In an action for breach of promise to marry, it is not error for the court to charge the jury that they may consider in aggravation of damages whether or not the defendant had come into court and wantonly attempted to show the plaintiff guilty of improper conduct with other men, of which she was innocent.

**Breach of Promise—New Trial, When Properly Denied.**—A motion by the defendant for a new trial based upon newly discovered evidence in a suit for breach of promise to marry is properly denied, if such evidence goes merely to the question of the plaintiff's chastity and at the trial the defendant has introduced much evidence on that question.

APPEAL from Fifteenth Judicial District, San Francisco County.

H. & C. McAllister and A. Campbell for respondent; Clarke & Carpenter for appellant.

See Reed v. Clark, 47 Cal. 194.

NILES, J.—Action for breach of promise of marriage. The defendant moved for a new trial upon several grounds.

1. Evidence was admitted at the trial showing that after

the date of the alleged promise, plaintiff announced to several persons, in the absence of the defendant, that she was engaged to marry the defendant. There was no error in the admission of this testimony. Conceding that an express promise of marriage had been made by the defendant, it was essential to show that the promise had been accepted by the plaintiff. Considering the peculiar nature of the contract sought to be established, the frequent and public announcement of the engagement by the plaintiff would be among the best evidences of her acceptance of the offer of the defendant. This testimony would not tend to prove the promise by defendant; but it is admissible to prove the equally essential fact—the assent of the plaintiff: Wetmore v. Mell, 1 Ohio St. 26, 59 Am. Dec. 607; Peppinger v. Low, 6 N. J. L. (1 Halst.) 384. This evidence was offered generally, and is excepted to as being irrelevant and immaterial. Since it was relevant to a material issue in the case it was properly admitted.

2. It is not error that the court in passing upon the admissibility of testimony should assume pro hac vice, that a necessary preliminary fact has been established by prima facie proof. It frequently happens that the court must consider what facts the proofs have tended to show, in order to determine what further facts may properly be shown. When a nonsuit is applied for, the court passes upon questions of evidence in the presence of the jury, but only for the purposes of the motion; but this is not considered as an instruction upon the facts. In this case I do not understand the court as asserting to the jury as a fact that a promise had been made; but merely that sufficient proof of that fact had appeared to authorize the admission of the testimony offered. Whatever impression may have been produced upon the minds of the jury by the expression of the court must have been removed by its subsequent instruction, that the jury should not be influenced "by an apparent expression of opinion as to the facts, made by the court."

3. The court did not err in its charge to the jury, that it was their province to "take into consideration, in the question of damages, the pecuniary condition of the defendant." His pecuniary ability to afford the plaintiff a comfortable support may very well have formed the chief inducement to the contract on her part. The deepest wound to her feelings may

have resulted from the loss of the affluence she had been led to expect: Sedgw. on Dam. 544; Kniffen v. McConnell, 30 N. Y. 289; James v. Briddington, 6 Car. & P. 589; Lawrence v. Cooke, 56 Me. 193, 96 Am. Dec. 443.

4. The court charged the jury that they had a right to consider, in aggravation or enhancement of damages, whether or not the defendant had wantonly come into court, and attempted to show the plaintiff guilty of improper conduct with other men, of which she was innocent. It is well settled that "where the defendant attempts to justify his breach of promise of marriage by stating upon the record, as the cause of his desertion of the plaintiff, that she had repeatedly had criminal intercourse with various persons, and fails entirely in proving it, this is a circumstance which ought to aggravate the damages": Southard v. Rexford, 6 Cow. (N. Y.) 260. It seems to be conceded by the defendant's counsel, that if the defendant had merely averred the unchastity or improper conduct of plaintiff in his answer, without the introduction of any proof to sustain such averments, the instruction would have been warranted, for the reason that the failure to offer proof to sustain the charge would have shown that it was not made in good faith. I cannot see how the defendant betters his position by wantonly attempting to sustain his averments by proof. The instruction was sufficiently guarded to prevent the jury from holding that evidence of unchastity, if offered in good faith, would aggravate the damages.

5. The alleged newly discovered evidence goes entirely to the point of the unchastity and improper conduct of the plaintiff. This was one of the questions in controversy at the trial, and upon which much evidence was introduced. The defendant now asks for a new trial, that he may multiply witnesses to acts upon the part of the plaintiff of the same general character as those proven at the former trial, and differing therefrom only in the times and manner of their commission. This evidence is merely cumulative, and is not good cause for a new trial: Waller v. Graves, 20 Conn. 310; Stoakes v. Monroe, 36 Cal. 388. Moreover, considering the character of the evidence proffered, I cannot say that the court might not have reasonably inferred that the verdict would have been the same, if the evidence had been in.

7

Several other points were made in the case, which I do not deem it necessary to discuss. I find no error requiring a reversal.

Judgment and order affirmed.

We concur: Wallace, C. J.; Rhodes, J.