GEORGE McCRONE, Administrator of JESSE McCRONE deceased, *v.* SPENCER D. EVES and REBECCA McCRONE, Executors of WM. B. McCRONE, deceased.

A new trial will not be granted in an action against executors on the ground that after the trial, it was discovered that one of the witnesses examined on behalf of the plaintiff, was interested in the result of the suit, and that the defendants were surprised by the testimony, and could now prove that it was false.

TRIAL and verdict for the plaintiff and motion for a new trial. The affidavit on which the motion was founded alleged first, the discovery of new and important evidence material to the defence, and which the defendants had no means of procuring at the trial, and that it consisted in a declaration several times made by the intestate, Jesse McCrone, both before and after the death of William B. McCrone, that all his money was in the hands of his brother, George McCrone, and that William B. McCrone had been a good brother to him; secondly, that the testimony of Sally McCrone, a witness for the plaintiff on the trial, in relation to an alleged acknowledgment made to her, or in her presence, by William B. McCrone in his last illness and only some two weeks before his death, that he was indebted in any sum of money to Jesse McCrone, the plaintiff's intestate, was not only a surprise to the defendant, but was untrue in point of fact, because they could prove that the said Sally McCrone during the whole of the last sickness of the said William B. McCrone, was only a few times in his house, and that on neither of those occasions was she permitted to be alone with him, and that she was directly interested in the result of that suit; and thirdly, that the verdict was contrary to the weight of the evidence in the case, and should have been for the defendants.

*T. F. Bayard,* for the defendants, cited in support of the motion, 1 *Phil. Ev.* 425. 2 *Phil. Ev.* 2.

*D. M. Bates,* for the plaintiff, cited *Price v. Brown,* 2 *Strange* 690. *McCombs v. Chandler,* 5 *Harr.* 423.

*The Court, Gilpin, C. J.,* said it is incumbent upon a party who asks for a new trial on the ground of after discovered evidence, to satisfy the Court first, that the evidence has come to his knowledge since the trial; secondly, that it was not owing to a want of due diligence that he did not learn of it in time for the trial, and in the next place, that it would probably produce a different verdict, if a new trial should be granted. If proper diligence had been exercised, the evidence now referred to, might in his opinion, have been known in time for the trial; and as to the objection to the competency of Sally McCrone as a witness, it was admitted either because the counsel had failed to except to its admissibility, or perhaps, it might have been because he was aware that the objection on the ground of her alleged interest in the result of the case, could as readily have been removed by a release of it.

*Wooten, J.,* concurred in the opinion and conclusion of the Chief Justice as to the insufficiency of the reasons assigned for a new trial in the case, but with a qualification as to the necessity for the exercise of any greater diligence than had been exerted by the defendants to produce all the evidence they could in the cause.

*Houston, J.,* dissented, and remarked that an objection to the competency of a witness discovered after the trial, is not a sufficient ground of itself for granting a new trial; but it may have some weight with the Court when the party applying appears to have merits or other grounds for it. 1 *T. R.* 407. In ordinary cases where the newly discovered evidence consists of admissions made by the party against whom it is intended to be used, the motion will not be granted; but when the suit is against executors or administrators on a stale demand, a motion for a new trial will be granted, and in such case the Court will not be as strict in

inquiring into the discrepancies between the testimony given and that offered to be produced on the second trial, but will leave the credibility of the witnesses to be passed upon by the jury.  4 *Wend.* 579.    The fact that the party moving for the new trial was an administrator, was recognized as a consideration among others, for granting it in the case of *Fitzgibbon's Adm'r. v. Kinney,* 3 *Harr.* 72. For these reasons he thought the motion should be granted.

New trial refused.