Redman, Jr. *v.* Culbertson.

[*Special Term, June* 1870.]

## B. T. REDMAN, JR. *v.* H. CLAY CULBERTSON.

It is not a test that evidence is cumulative, on a motion for a new trial by the defendant, on the ground of newly discovered evidence, that the affidavits in support of it do not go to some *new ground* of defense. If they bring to light some new and independent truth of a different character, although it tend to prove some proposition or ground of defense before insisted on, or if it tend to render clear and positive, that which was before equivocal and uncertain by the statement of new facts, it is not cumulative evidence.

*O' Connor & Powell,* for plaintiff.

*Henderson, Collins & Herron,* and *T. A. Logan,* for defendant.

HAGANS, J. There are here affidavits which are very clearly within the legal rule authorizing the court to grant a new trial on the ground of newly discovered evidence. They are neither cumulative, nor could the testimony be obtained at the trial by reasonable diligence. It is the resemblance of the facts offered to be proved that makes testimony cumulative. It is erroneously claimed, that all additional evidence is cumulative, which goes to establish the same ground of defense before taken; in other words, that the additional testimony must go to some *new ground* of defense. But this is not the true rule. The law on this subject is admirably stated by Church, J., in *Walker* v. *Graves,* 20 Conn. 311: "There are often various distinct and independent facts going to establish the same ground, in the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only add circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative."

Some of this new testimony tends also to render clear and positive that which before was equivocal and uncertain by the statement of new facts. And such testimony as this is not cumulative, in any just sense. It is not additional evidence of the *same* facts. And taking all the new evidence that is proper now to be considered, if uncontradicted upon another trial, the verdict of the jury will be different. These principles are adopted by our Supreme Court in a number of cases. *Reid* v. *McGrew*, 5 Ohio, 375; *Dunn* v. *Cronice*, 9 Ohio, 82; *Perrin* v. *Prot. Ins. Co.*, 11 Ohio, 147.

And the same principle is clearly stated in *How* v. *Bodman*, 1 Disney, 119.

For these reasons, the motion for new trial will be granted. Costs to abide the event.