Mulock *v.* Mulock.

MARIA MULOCK

*v.*

WILLIAM G. MULOCK.

1. There is no universal and absolute rule which prohibits the court from allowing the introduction of newly discovered evidence of witnesses to facts in issue in the cause, after publication and knowledge of the former testimony, and even after the hearing. But the allowance of it is not a matter of right in the party, but of sound discretion in the court, to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause.

2. *Brumagim* v. *Chew*, 4 *C. E. Gr.* 337, distinguished.

3. The rule that neither a court of law nor of equity will relieve where the newly discovered facts are merely cumulative or corroborative, admits of exception where such evidence will make plain and certain that which before was mysterious and doubtful.

4. If the newly discovered evidence is of a kind and character different from that adduced on the trial, it will not be liable to the objection that it is cumulative.

5. On a bill filed by a complainant, a widow and very old, to set aside, on the ground of fraud and imposition, two deeds of gift made by her to her son, purporting to convey valuable real estate, evidence of admissions by her that she had conveyed the property to her son, made four years before, but not discovered until after the testimony was closed, is admissible.

Bill for relief. Motion to admit newly discovered evidence after publication.

*Mr. John Whitehead* and *Mr. D. R. Garniss* of New York, for the motion.

*Mr. T. N. McCarter, contra.*

THE CHANCELLOR.

This suit is brought to set aside, on the ground of fraud, two deeds of gift made by the complainant in favor of the

defendant (who is her son), purporting to convey to him valuable real estate. The complainant alleges that the deeds were obtained from her by the defendant through deception, which he was enabled to practice upon her by reason of the confidential relations existing between them at the time. She is, and then was, a widow and very old, and he was entrusted by her as her agent, with the care of the property described in the deeds. The cause was referred to the Vice-Chancellor, and the evidence was closed on the 5th of April, 1876. On the 14th of September following, the defendant applied for leave to examine three newly discovered witnesses, whose testimony, he alleges, is material to the issue in the cause, and was not known to him until after the testimony was closed, and very shortly before the application was made. The argument of the cause has not yet taken place. The testimony is of admissions alleged to have been made by the complainant about four years ago, and before the commencement of this suit, that she had conveyed her property to the defendant.

The complainant's counsel insists that the established practice of the court forbids the admission of the testimony because the evidence in the cause is closed, and also because the testimony is merely cumulative. Its materiality to the issue cannot be doubted. It goes to the merits. The defendant has been guilty of no negligence in making his application. The existence of the evidence was first known to him after the testimony in the cause was closed, and no laches are imputable to him for not having discovered the evidence before the proofs in the cause closed. It is manifest that justice demands that, under the circumstances of the case, the defendant should be permitted to introduce the evidence, unless it is merely cumulative or corroborative of what has not only been proved, but so proved as not to be unavailable to him by reason of want of positiveness, certainty, or strength in the proof.

It is urged, however, that to admit the testimony at this stage of the cause, would be an innovation upon the long

established practice of the court, which, it is insisted, will not allow the introduction of new testimony as to the matters in issue after publication passed, except to prove an exhibit, or the like. If, in order to reach a conclusion consonant with justice on this application, it were necessary to abandon the beaten path for the occasion, it would be done. Precedents, however wise in their origin, and though hoary with antiquity, are not to be followed when they hinder justice. There would indeed be most notable incongruity in the refusal of this court to admit newly discovered evidence merely on the ground that the testimony in the cause has been closed, when a court of law would, under the like circumstances, admit it. Especially will the absurdity appear when it is considered that this court will grant relief against judgments at law on the ground that a fact material to the merits has been discovered since the trial (but too late to be available at law), which could not, by ordinary diligence, have been ascertained before. But no innovation is necessary in order to admit the testimony now offered, if it is of such a character that in justice it ought to be admitted. That end may be attained *per vias antiquas*. There is no rule forbidding, absolutely and under all circumstances, the introduction of new evidence on a re-hearing. Such, indeed, is the general rule, but it has exceptions. *Gresley's Eq. Ev.* 198, 199; *Seaton on Dec.* 3. The practice is thus stated in *Harrison's Chancery Practice* (1767), p. 46 : " Though the general rule be that after publication no new witness can be examined, nor a witness before examined re-examined, yet, upon special circumstances set forth by affidavit, the rule may be dispensed with." Nor are the exceptions limited to the proving and admission of exhibits, or even documentary evidence generally. In *Newland* v. *Horsman*, 2 *Chan. Ca.* 75 (1681), a new commission to examine witnesses as to new matters arising on the hearing was granted. In *Needham* v. *Smith*, 2 *Vern.* 463 (1704), it was said that if, after hearing, a witness is convicted of perjury, advantage may be taken of the fact

on a re-hearing. In the case of *The Mayor and Aldermen of London* v. *The Earl of Dorset*, 1 *Chan. Ca.* 228, upon a commission of charitable uses, the question on appeal was, whether certain houses were part of Bridewell, belonging to the city for the relief of the poor, or a part of Dorset House; which point was referred to law to be tried, and then to report. Motion was made for a commission to examine an aged witness, who was not discovered until that time, and who was unable to travel. It was said that if she were able to travel, she would be examined at the trial; and it was urged that though publication on hearing was past, yet the question being of freehold, and not properly triable at law, it was reasonable that the testimony, the loss of which might occasion the loss of the land, should be preserved. The motion was opposed because publication had passed. The Lord Keeper, remarking that the rule against examining after publication had been strict, said the court was the judge, and ordered the commission and examination. Says Gilbert (*For. Rom.* 180): "Upon a re-hearing any exhibit may be proved, *viva voce*, as upon the original hearing, but no proof can be offered of any new matter without special leave of the court, which is seldom granted." Said Lord Eldon, in *Willan* v. *Willan*, 19 *Ves.* 590, 592: "It is perfectly established that after publication, previous to a decree, and depositions have been seen, you cannot examine witnesses farther without leave of the court, which is not obtained without great difficulty, and the examination is generally confined to some particular facts." In *Gregory* v. *Marychurch*, 12 *Beav.* 275, the plaintiff, after publication, discovered material evidence (in admission by affidavit), and leave was given, on motion, to introduce it and examine witnesses accordingly, not only with leave to the defendants to cross-examine, but with suggestions as to the mode in which they might introduce counter testimony. In *Prevost* v. *Gratz*, 1 *Pet. C. C.* 364, 379, application for re-hearing was made on the ground of newly discovered evidence not documentary. Judge

Washington expressing the strongest disposition to grant the motion, because he was satisfied that the justice of the case would be promoted by so doing, nevertheless denied it; but the denial was put on the ground of laches. Again, a bill of review may be filed, with the consent of the court, upon newly discovered testimony in reference to the matters in issue in the cause; not merely documentary evidence only, but other evidence also. *Cooper's Eq.* 91; *Hubbs* v. *Livingston*, 3 *John. C. R.* 124; *Story's Eq. Pl.* §§ 412, 413. It is true that in *Brumagim* v. *Chew*, 4 *C. E. Gr.* 337, Chancellor Zabriskie said, that on a re-hearing only such evidence as was or could have been read on the hearing, could be heard, but this was evidently intended as an enunciation of the general rule. The application in that case was to admit new evidence as to what was, in fact, the law of New York as to the effect of judgments of the courts of that state, to show that the law was different from what appeared on the hearing. Judge Story, indeed, in *Wood* v. *Mann*, 2 *Sumn.* 316, where testimony similar to that now under consideration was offered under like circumstances, and rejected, expressed an opinion that after publication it would be better to exclude all testimony of newly discovered witnesses to any facts in issue, unless connected with some newly discovered documents; but at the same time he recognized the fact that such is not the rule. He carefully states the practice as follows: "There is no universal and absolute rule which prohibits the court from allowing the introduction of newly discovered evidence of witnesses to facts in issue in the cause after publication and knowledge of the former testimony, and even after the hearing. But the allowance of it is not a matter of right in the party, but of sound discretion in the court, to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause." The rule was founded on the public policy of suppressing perjury and preventing the fabrication of evidence to meet the exigencies of the cause after the full bearing

and weight of the testimony are understood by the parties. *Gilb. For. Rom.* 118, 119. But by the methods of modern practice in equity, the testimony is fully known to the parties as it is put in, and they are apprised of its qualities and character, its weakness or its strength, and its bearing on the case before publication, quite as completely as they would be in a trial at law. This consideration deprives the rule itself of much of its force in modern application. And again, when the *nisi prius* character of the trial of causes before the Vice-Chancellor is considered, there is absolutely no ground for the application to the subject, in connection with such trials, of a different rule from that which would govern it at law. Speaking generally, neither equity nor law will relieve where the newly discovered facts are merely cumulative or corroborative; but the rule admits of exception, and neither law nor equity will refuse relief where the evidence, though cumulative, will make plain and certain that which before was mysterious and doubtful, so that if it be received the most obvious justice will be done; and if rejected, the most palpable injustice. 3 *Gra. and Wat. on N. T.* 1064. It may be that testimony to the same effect as that which is made the ground of the application, has been given in the cause, but it may have been so slight as to have been therefore unimportant. It may have been the mere adumbration of a most important fact, which, if fully proved, would have turned the scale. The applicant may have been unable, from want of knowledge of the means or sources of proof, to establish the fact on the trial, and the evidence may have come to him by the merest accident almost immediately afterwards. To say that, because evidence to the same effect was given in the cause, though it was too weak to be of any value (but yet the best within the applicant's knowledge or reach at the time), strong, and it may be thoroughly conclusive, testimony subsequently discovered shall not avail him merely because of a rule which is within the control of the court, would be to do injustice judicially and with deliberation.

If the newly discovered evidence is of a different kind and character from that adduced on the trial, it will not be liable to the objection that it is cumulative. *Guion* v. *Butts*, 4 *Wend.* 579; *Gardner* v. *Mitchell*, 6 *Pick.* 114; *Watts* v. *Howard*, 7 *Metc.* 478, 480. In the case before me, the newly discovered evidence consists of statements made by the complainant to the witnesses, that she had conveyed the property in question to the defendant. The evidence of admissions in the cause is very slight, and is not of the same kind as that which is now offered. There can be no doubt of the importance of the testimony to the defendant. The complainant's case is based on her ignorance of the character of the deed which she executed, by which the property was conveyed to her son, the defendant. If, then, the newly discovered testimony now offered is of a character such as, under like circumstances, would be ground for a new trial in an action at law, why should it not, under the circumstances, be admitted here? If there had been a trial in an action at law between these parties, resulting in a judgment against the defendant, and he had discovered the evidence only when too late to avail himself of it at law, this court would have relieved him on that ground. And shall it be said that its practice constrains it to perpetrate the injustice against which it would grant relief if it occurred in another forum? The admission of the evidence is within the discretion of the court, and there it should rest, in order to guard against imposition on the one hand and a failure of justice on the other. The testimony will be opened, under the direction of the Vice-Chancellor, to admit the newly discovered evidence, and to give the complainant opportunity to meet it by counter evidence.