JOHN KLOPP v. JOHN JILL.

*Error from Leavenworth County.*

In an action for *quantum meruit*, where the defense was, that there was a contract price, which had been paid; and the plaintiff having testified in his own behalf, *it was held* competent to prove that about the time plaintiff undertook the job, witness offered to do the same at what was alleged to be the contract price, and that defendant had agreed to let the job to witness thereat, if plaintiff would not do it at same price—such evidence tending strongly to show what the work was worth, and whether a contract was made; there having been evidence introduced that the attention of plaintiff below was called to an offer of that kind at the time of the making of the alleged contract.

In such case where the plaintiff recovered, the defendant having shown due diligence in his defense, which was that certain plastering, in dispute, was agreed to be done at the same price for which plaintiff plastered defendant's saloon; it was *held* that a motion for a new trial on the ground of newly discovered evidence, supported by affidavit that the plaintiff had admitted that "he was to plaster for the same price that he did the saloon," was erroneously overruled ; such being the only evidence on the point introduced on the motion, and being of a distinct fact, coming to defendant's knowledge after the trial, being material, and not cumulative within the rule. [3 Gr. & Wat. New Tr., 1021 *et seq.*]

New trial ordered.

KINGMAN, C. J., dissenting.

The plaintiff below brought his action for $374.55, balance due for work and labor done, and materials

furnished in plastering a certain building, describing it, for defendant below. The defendant alleged that the plastering was done at an agreed price, setting forth the agreement, which price had been fully paid. It was claimed by defendant that the plastering, about the price of which the parties disagreed, was agreed to be done at the same price that defendant had agreed to pay plaintiff for plastering his certain saloon, about which price there was no dispute.

A reply was filed to the answer.

On the trial, each party testified for himself, and to his own view of the facts; the plaintiff below swearing there was no contract as to price of plastering the basement and upper story of the building, while the defendant below testified that a price was agreed upon; that the basement and upper story were agreed to be plastered at the same price the plaintiff had plastered the saloon of defendant at, about which there was no disagreement.

The defendant also testified that during the negotiations which led to that agreement, he told plaintiff that a man stood ready to plaster the basement and upper story at the same price as he (plaintiff) had plastered the saloon, and that he should let him have it, unless he (plaintiff) would do it for the same. Defendant swore the man referred to was Raiser.

The defendant introduced Raiser, and offered to prove by him "that about the time the plaintiff, Jill, took the job to plaster the upper story and basement, that witness offered to do the job for the same price that Jill had done the saloon for, and that Klopp had agreed to let him do it at that price if Jill would not."

The evidence was objected to, and ruled out, and

exceptions were preserved. A verdict was rendered, and judgment entered for the plaintiff.

A motion for a new trial was made on the ground, among others, of newly discovered evidence, supported by affidavits. It appeared by the affidavit of defendant below that the newly discovered evidence came to the knowledge of defendant after the trial; that it was not owing to lack of diligence on the part of defendant that it was not discovered before; and that the evidence consisted of the fact that plaintiff below admitted in conversation, to Adolph Stockman, who made affidavit thereto, that he was to plaster the basement and upper story for the same price per yard that he did the saloon. This affidavit was the only evidence on that point introduced by either party.

The motion for a new trial was overruled, and the case brought here for review on exceptions thereto.

*Lewis Burns*, for plaintiff in error.

*Thos. P. Fenlon*, for defendant in error.

*Burns* submitted:

1. The court erred in excluding the testimony of the witness, John Raiser. The plaintiff, in his testimony, swore there was no agreement as to price for work on the second story, and seeks to recover the customary price for such work. The evidence excluded by the court should have gone to the jury for what it was worth, to be considered by them in determining what was the customary price for plastering at that time. The evidence of Raiser should have gone to the jury in corroboration of the testimony of defend-

ant, as to the basis of the agreement of the parties, especially so when it is made to appear that the plaintiff was informed at the time he agreed to do defendant's work, that this very witness was ready to contract for the work, at the rates of the saloon, if the plaintiff declined. (1 *Blackf.*, 325 ; 19 *Ind.*, 311; *Fox v. Fox*, 25 *Cal.*, 588 ; 1 *Phillips's Ev.*, 184–6.) A party who objects to the evidence, or to the competency of witnesses, should state specifically the ground of objection. It is not sufficient to object, generally, that the evidence is illegal, or the witness incompetent. 5 *Barb.*, 406 ; 2 *Kas. R.*, 226.

2. The court erred in overruling defendant's motion below, and refusing a new trial upon the grounds of newly discovered evidence. Courts have always granted new trials when newly discovered testimony, material to the issue, is assigned as a ground, if such testimony could not have been obtained with reasonable diligence at the first trial. We think the evidence accompanying this branch of the motion shows the testimony to come under the rule, for all purposes of the motion. It may be urged that the testimony is cumulative. It may, to some extent, be liable to that objection, if we view the defendant, John Klopp, in the light of a witness on the stand. We think our statute, allowing a party to testify, does not make him a witness instead of a party, but leaves him where the old rule placed him, as a party. Courts formerly did not look with favor upon cumulative testimony as a cause for a new trial, when the same facts had been testified to in the former trial by other witnesses. But certainly that rule will not apply against a party when he has testified in his own behalf, as he has a right to do. We think that this case, so far as this point is

affected, stands just as if there had been no evidence on the point covered by the newly discovered evidence.

*Fenlon,* for defendant in error, contended:

1. The testimony of Raiser was certainly no evidence of the contract between the parties, and was properly rejected by the court.

2. There is not a particle of testimony to show the exercise of any diligence before the trial to procure the testimony, on account of which a new trial was asked. (1 *Gr. & W. on N. Trials,* 47.) And the testimony is only cumulative, for which a new trial will never be granted (*id.,* 485), and would not change the result.

*By the Court,* Bailey, J.

In this case the parties litigant were their own best witnesses. Each party swore distinctly and circumstantially to a state of facts denied by the other. The case of the plaintiff below, now defendant in error, rested almost entirely upon his own individual testimony, expressly contradicted, in almost every important particular, by that of the plaintiff in error, and in one or two points by other disinterested witnesses; as, for instance, by the witness, Cutts, as to the payment of $100 by Klopp to him on Jill's account.

I am exceedingly reluctant to dissent from the learned Chief Justice on a question of evidence, but think that on the trial of this cause in the court below, the court erred in excluding the testimony of John Raiser against the objections of the defendant's counsel. I think the evidence offered and excluded was relevant and ma-

terial. The defendant (plaintiff in error) offered to prove by the witness that about the time the plaintiff, Jill, took the job to plaster the second story of defendant's (Klopp's) house, witness offered to do the work for defendant at the same rates per yard that Jill had contracted the saloon at, and that defendant had agreed to let him do the job at that rate if Jill, the plaintiff, would not do it at the same rate per yard that he was doing the saloon for.

Jill sued Klopp as on *quantum meruit,* for so much money as he reasonably deserved to have for the work, or so much as his labor was worth. I think Raiser's testimony would have tended very strongly to show what such work was worth at the time, by showing what the defendant could have had it done for. It would also have tended to establish the contract alleged by Klopp to have been made, by corroborating Klopp's testimony. It was legitimate, because there was evidence that the attention of plaintiff below was called to such an offer, at the time of making the alleged contract.

I think, also, that the newly discovered evidence was such as to entitle defendant below to the new trial asked for and refused. That testimony (see Adolph Stockman's affidavit) seems to me to answer all the conditions laid down as to such evidence. 3 *Graham & Waterman on New Trials,* 1021, *et seq.*

1. It came to the knowledge of defendant (plaintiff in error) after the trial.

2. It was not owing to lack of diligence on the part of plaintiff in error that the evidence was not discovered before the trial.

3. The evidence was so material that it would prob-

ably produce a different verdict if the new trial were granted.

4. It is not cumulative within the rules laid down defining cumulative evidence.

I deem it unnecessary to cite authorities except as to the last point; *i. e.*, that the newly discovered evidence is not cumulative.

For a clear definition of cumulative evidence, Waller *v.* Graves (20 *Conn. R.*, 303); Guizott *v.* Butts (4 *Wend.*, 579).

The affidavit of Stockman, offered in support of the motion for a new trial, states that Jill admitted to him (Stockman) in conversation that he was to plaster for the same price per yard that he did the saloon. Jill swore very differently on the trial.

The case seems to be exactly similar to that of Kane *v.* Barrus (2 *Smede & Marshall*, 313), cited in Graham & Waterman on new trials, where, in an action on a promissory note against the maker in favor of plaintiff's intestate, after verdict for plaintiff defendant produced the affidavit of witness that they had heard the intestate acknowledge the payment of nine hundred dollars on the note, and, also, his own affidavit showing that the evidence had come to his knowledge since the trial, and that he had used due diligence to discover it. Held that the maker was entitled to a new trial.

So also in Hardner *v.* Mitchel (6 *Pick.*, 114), which was an action for a breach of warranty in the sale of oil ; the evidence alleged to have been newly discovered was confessions of the plaintiff, and the question was whether it was new or only cumulative ? The confession was that the oil was as good as he expected.

The court held this to be a new fact, not before in the

case, and awarded a new trial.   I am unable to perceive any essential point of difference between these cases and that of the newly discovered evidence of Adolph Stockman, as stated in his affidavit.   I think the cause of justice will be likely to be subserved by a new trial.

SAFFORD, J., concurring.

KINGMAN, C. J., dissenting.