Taylor v. Thomas.

## C. H. TAYLOR v. W. A. THOMAS.

1. PROMISSORY NOTE; ESCROW; *When Note Takes Effect.* A note placed in escrow takes effect the instant the conditions of the escrow are performed, even though the depositary has not formally delivered it to the payee.

2. ———— *Part Performance of Condition.* Where a note had been placed in escrow to be given to the payee upon the delivery of 200,000 hedge plants, there must be a delivery of the entire number of plants, or a tender and refusal to accept them, before any title to the note passes to the payee, or any action can be maintained thereon. A delivery of part of the plants gives no right of action on the note for a *pro rata* amount thereof.

*Error from Sedgwick District Court.*

THOMAS and two others as plaintiffs brought their suit on a promissory note for $350, dated April 9th, 1873, signed by *Taylor* and two others, payable to the order of said *Taylor*, "ten days after date, at the First National Bank in Wichita." The note was indorsed by *Taylor*, and by him delivered to Sol. H. Kohn to be delivered to *Thomas & Co.* when *Taylor* should receive 200,000 hedge plants from one Morris. Other facts are stated in the opinion, *infra.* Trial at the September

Term 1873. Verdict and judgment for plaintiffs, and defendants bring the case here on error.

*Tucker & Fisher*, for plaintiffs in error:

1. No action could be maintained on said note, the note not having been delivered to the plaintiffs. 11 Ill., 229; 21 Mich., 415; 29 Ill., 83; 31 Ill., 538; 34 N. Y., 105; 42 N. Y., 11; 7 Pick., 91; 18 Pick., 253.

2. The court erred in the instruction given to the jury, upon the question of delivery of property sold. The plants were not delivered. 15 Ill., 347; 25 Ill., 514; 2 Kent's Com., 496; 21 Pick., 384; 22 Wend., 659; 6 Cowen, 250.

*Sluss & Dyer*, for defendants in error:

1. The pleadings raised an issue of fact whether the plaintiff below performed the conditions upon which the note was placed in escrow. If they had, they were entitled to recover, although the note had not actually been delivered to them; (2 Conn., 302; 31 Ill., 538; 1 Parsons on Notes, 51;) and there was evidence to maintain the affirmative of the issue presented by the pleadings.

2. The instructions are to be taken as a whole, and were evidently so considered by the jury. The court informed the jury that, under the pleadings, if they found that the plaintiffs had delivered and the defendants received *under the contract*, 75,000 of the plants, and refused to take the remainder, they should find for the plaintiffs. This was correct.

The opinion of the court was delivered by

BREWER, J.: This was an action on a promissory note. The note was originally placed in escrow to be delivered upon certain conditions. It had never been delivered by the depositary. Hence it is claimed by plaintiff in error that no action could be maintained upon it. This is an error. When the conditions of the escrow are performed the title vests in the payee. The title does not hinge on the action of the depositary, but upon the performance of the conditions. "Though

it was not formally delivered over by the depositary to the plaintiff, yet it took effect in his hands the instant the conditions were performed, without any formal act of delivery on his part." (Ch. J. Swift, in *Couch v. Meeker*, 2 Conn., 302; 1 Pars. on Notes, 51.) The note was placed in escrow to be given to the plaintiffs on the completion of a contract to deliver 200,000 hedge plants. There was testimony showing a delivery of 75,000, and tending to show an excuse for the non-delivery of the remainder. There was no pretense that any more than the 75,000 had actually been received by the defendants. The court gave this instruction: "The defendants have set up and claimed no set-off or counter-claim against the note sued upon, but rely upon a total failure of consideration, and an utter failure on part of plaintiffs and Morris to comply with their contract to deliver the hedge plants according to their agreement, so that if under the contract plaintiffs and Morris have delivered 75,000 of the hedge plants, and Taylor has received them and converted the same to his own use, you must find for the plaintiffs." The jury were also told by another instruction that if they found for the plaintiffs they must find the full amount of the note. In this instruction we think the court erred. Whatever rights of action the plaintiffs may have had upon the contract, upon delivery of 75,000 plants, they had no right to the note, and could maintain no action upon it until after a full compliance with the conditions of the escrow. Until such time, it is as though no note had ever been signed. A part performance passes no title, gives no interest in it. The instruction contemplates the note as delivered, and the defendants as interposing defenses to it. The question for the jury was as to the delivery of the note, or that which is tantamount to a delivery. Under that instruction it was hardly possible for the jury to find otherwise than as they did, for the plaintiffs; but under the testimony it is, to say the least, an open question as to the proper verdict. This is all that is necessary to decide, in order to dispose of the case here.

It may perhaps be proper to say, in view of a future trial,

and the conflicting testimony presented in this record, that before the plaintiffs can recover upon this note they must show a delivery of the 200,000 plants, or a tender of the same and a refusal to accept them. Also, that the defendants' were entitled to live plants, in good ordinary merchantable condition, and the full number contracted for; that in order to constitute a delivery, or a tender, there must be a separation and identification of the plants, or else in case of a tender an absolute refusal to take any plants out of the whole mass from which the delivery was to be made.

The judgment will be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.