## C. H. TAYLOR, *et al.* v. W. A. THOMAS & Co.

1. NEW TRIAL; SURPRISE; *New Witness on Second Trial.* In an action in which there have been two trials, and the material question in issue is, whether 200,000 hedge plants were delivered by the plaintiffs to one of the defendants, and on the second trial one M. is produced for the first time by the plaintiffs as a witness in their behalf, and M. testifies that he was present at the alleged delivery, gives evidence of the conversation had by the parties at the time, corroborates plaintiffs' witnesses, and defendants introduce evidence that said witness was not present at the time, and after a verdict for the plaintiffs, defendants file a motion for a new trial on account of "surprise which ordinary prudence could not have guarded against," supported by affidavits that they had no knowledge of M., that his name was not mentioned on the former trial; that they were surprised at his evidence; that at the trial they had not time to prepare a defense thereto, and that if a new trial was granted they could and would produce two or three witnesses to testify that no such man as M. was present

or about at the time of the alleged conversation, *held*, that the action of the district court, in refusing a new trial, will not be reversed by this court.

2. NEW TRIAL; NEWLY–DISCOVERED EVIDENCE, *When Immaterial.* Where several witnesses testify on a trial, in support of the plaintiff's cause of action, to the effect that 200,000 hedge plants were delivered, on or about April 9th 1873, to one of the defendants by plaintiffs, the acceptance thereof, and to their being in good condition at the time, and the defendants, after a verdict against them, ask for a new trial because of newly-discovered evidence which they could not with reasonable diligence have ascertained and produced on the trial, and the newly-discovered evidence is the sworn statement of H. that one of said witnesses told him the latter part of April 1873 that said defendant had refused to accept the hedge plants, excepting 75,000, because they were damaged; that said witness then told H. the plants were damaged by frost, and wanted H. to see the defendant and try to have him come and get the rest of the plants, *held*, that such newly-discovered evidence is not sufficiently material as to authorize the supreme court to reverse the order of the district court overruling the application for a new trial therefor.

3. EVIDENCE; EXAMINATION OF WITNESS; *Error without Prejudice.* The refusal of the court to overrule certain questions calling for conclusions of law of a witness, where the witness in response states acts and conversations, instead of giving any opinion of his own, is not necessarily such error as to cause a reversal of a judgment, even when the questions are asked in reference to the material issue in the case. The proper practice, however, is, under such circumstances, to allow only such interrogatories as will call forth all the particulars of the transaction, including the lesser and minor details.

*Error from Sedgwick District Court.*

ACTION by *C. H. Taylor, M. R. Moser*, and *W. H. Omealy*, as partners, on a promissory note executed in their favor by *W. A. Thomas, N. W. Ellis*, and *W. L. Thomas*, for $350. The consideration of the note was 200,000 hedge plants to be delivered by *Taylor & Co.* to *Thomas & Co.* The defense was, that the note had been placed in escrow only by defendants, and that the plaintiffs had not performed their part of the contract. The case was in this court at the July Term 1874, upon questions then raised; (13 Kas. 217.) On being remanded to the district court, a second trial was there had at the March Term 1875. Verdict and judgment for plaintiffs,

for $432.25. New trial refused, and defendants bring the case here.

*Tucker & Fisher*, and *Martin & Case*, for plaintiffs in error.

*Sluss & Dyer*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This case is in this court for the second time; and for a statement of the facts, we refer to *Taylor v. Thomas*, 13 Kas. 217. Upon the trial had subsequent to the said decision, testimony was offered tending to show the delivery of the 200,000 hedge plants, and the acceptance of the same by Taylor. Judgment was rendered for Thomas & Co. for $432.35, and costs.

I. Plaintiffs in error claim that they are entitled to a new trial on the ground of surprise. The surprise for which the demand was made for a new trial, was, that one R. M. Montgomery, a witness produced by Thomas & Co. for the first time on the second trial, testified, "he was present when Thomas and Taylor came to the nursery. Morris and Taylor's men counted some of the plants before Taylor got there. They had counted over 100,000. He heard Thomas tell Taylor that he had come down to turn over the plants. Morris told Taylor that they were to take 50,000 out of the other lot. They then went over to the other lot, and counted the 50,000. They then went and finished counting the 150,000 in the orchard. The plants were all tied up in bunches of 200. He couldn't tell whether the plants were all alive or not. He set the same kind of plants in Sumner county, and they appeared to do well—taken from Morris' place, and treated in the same manner as Taylor's. He set them out for P. Foutz. There were 17,000 of them. He counted them in the fall of the same year, and only 27 plants in one-and-a-half miles were dead." And two of the plaintiffs in error, Taylor and Moser, made affidavit, that they were present at the former trial, and heard the evidence of Thomas and the other witnesses,

1. Surprise, as ground for new trial.

and no mention was made that said Montgomery was present when the hedge plants were claimed to have been accepted, and they had no knowledge of Montgomery or his evidence until Thomas mentioned Montgomery in his evidence at the last trial; that Montgomery was not present at the time stated by him; that he did not hear the conversation narrated; and if they had known of said person being produced as a witness to give such testimony, they could and would have shown by two or three witnesses that Montgomery was not present or about at the time alleged. S. M. Tucker and B. H. Fisher, attorneys of defendants in the court below, also filed an affidavit of like character as to said Montgomery's name not being mentioned in the first trial; that they were surprised at his evidence, and expected to be able to disprove the same if "a new trial was granted." We hold that the affidavits filed on the question of surprise do not show any sufficient cause for a new trial. The witness testified substantially as W. L. Thomas and L. C. Morris. His evidence was only cumulative. On the trial, Warren Longley and C. H. Taylor contradicted the witness Montgomery as to his presence at the nursery as stated by him. The affidavits fail to disclose the names or residence of the two or three witnesses by whom the testimony of Montgomery could be disproved; for aught that appears, they may have lived at Wichita, the place of trial, and a mere request to the court for a few hours adjournment might have been granted, and thus the attendance of the witnesses needed could have been obtained. Again, if Montgomery had been duly subpœnaed, and there is nothing appearing to contradict this presumption, the plaintiffs in error may have had ample time to ascertain what was going to be the purport of his testimony, and thus been more fully prepared to meet the same, if preparation was requisite, and they could successfully show he was not present at the time and place he testified to on the trial. In fact, the only showing made upon this point is, the absence of Montgomery on the former trial, and his appearance on the second trial, as a material witness for Thomas &

39—17 KAS.

Co. There is nothing particularly strange or unusual in this procedure. The plaintiffs in the court below may have supposed the testimony of themselves sufficient to sustain their case, without any additional evidence. When they ascertained that they were flatly contradicted, it was their right to produce upon the second trial all other witnesses having knowledge of the facts in controversy, and, if Montgomery could corroborate the claim of Thomas & Co., no rule of law would force them to relinquish his use as a witness, or acquaint the opposing party with the facts they intended to prove, before placing such witness on examination. Montgomery's evidence may have been unexpected to the plaintiffs in error, may have astonished them, and they may have been unprepared to meet the same at the time; but it was not of the character, under the circumstances, which the law denominates "a surprise which ordinary prudence could not have guarded against." In such a case, there remains only the best use of the evidence at hand, and an appeal to the jury with fitting comments on the circumstances under which the witness is produced, and the character of the testimony. Any different rule would work great injustice.

II. A claim is also made, that the court erred because a new trial was not granted for newly-discovered evidence. L. C. Morris had testified on this trial, as a witness for Thomas & Co., to the delivery of 200,000 hedge plants to Taylor on or about April 9th 1873, his acceptance thereof, and also to their being in good condition at the time. As newly-discovered evidence, plaintiffs in error stated that since the trial, they had ascertained that one Hope would testify, that said Morris told him, in the latter part of April 1873, that Taylor had refused to accept the hedge plants, with the exception of 75,000, because they were damaged; that Morris then said they were damaged by frost, and wanted him (Hope) to see Taylor, and try to have him come and get the rest of the plants. The question is, whether, for this additional evidence, the court, in the exercise of a proper discretion, ought to open the controversy by

2. Newly-dis-
covered tes-
timony.

granting a new trial.    The object of the evidence of Hope is to discredit Morris—to destroy the effect of his testimony with the jury.    We do not think the newly-discovered evidence sufficiently material to grant a new trial.    Thomas and Montgomery testified substantially as Morris—hence his evidence did not stand alone.    It is sometimes difficult to determine the exact point where a court should interfere and open a case to give an opportunity to a defeated party to give additional testimony ; but on the facts presented in the record, we are of the opinion in this case, that the evidence of Hope is not of that kind upon the discovery of which a new trial should be granted.    Counsel for plaintiffs in error refer us to *Klopp v. Jill*, 4 Kas. 482, as an authority in point, and allege they have brought themselves within the rule therein adopted by this court.    Such is not the case.    In that case, the parties litigant were their own best witnesses; each party swore distinctly and circumstantially to a state of facts denied by the other, and the case rested almost entirely upon the individual testimony of Jill.    The newly-discovered evidence was certain admissions of Jill, directly opposite to the testimony given by him on the trial.    Nor does the case at bar, come within the rule of the decision cited in *Klopp v. Jill*, of *Kane v. Barrus*, 2 Smedes & Marsh. 313.    In the latter case, an action was brought upon a promissory note against the maker, in favor of the plaintiff's intestate.    After verdict for plaintiff, defendant produced the affidavit of witnesses that they had heard the intestate acknowledge the payment of $900 on the note, and due diligence being shown, the maker was awarded a new trial upon this newly-discovered evidence. In both of these cases, the newly-discovered evidence tended to destroy completely all the testimony upon which the verdicts were based.    In the case under review, although Morris was an important witness, and the parties to the suit swore contrary to each other, there was so much other material proof that we cannot say the newly-discovered evidence would change the result, nor that it would likely have such an effect.    It is even doubtful as to what influence it

would have upon the jury, in connection with the other testimony, even if a new trial had been granted.

III. Error is also alleged in the action of the court below in permitting the following questions to be asked, against the objections of the plaintiffs in error: "State whether or not said plants were delivered?" and, "What was to be considered the delivery of the plants?" To the first question the witness answered, "They were: after they were counted, as stated in my answer to question No. 5, Mr. Taylor proceeded to pull out certain bunches and see if the count was full in the bunches. He said that he found that the count would overrun from six to twelve in each bunch." To the second he replied, "I was to tie them up in bunches of two hundred each. He was to take them from my nursery in that shape." As the important question in litigation was, whether there had been any delivery of the 200,000 hedge plants to Taylor, the proper ruling would have been for the court to have sustained the objections to these questions, and only allowed such interrogatories as would have called forth all the particulars and minor details of the transaction. The witness however did not confine himself to any opinion, or conclusion of law, in his answers. He stated the facts, as he claimed them to be, and we see no substantial error committed.

*3. Evidence; examination of witnesses.*

Error is further alleged in the charge of the court, and in the action of the court in refusing certain instructions asked by plaintiffs in error. The instructions given by the court are substantially in accordance with the law as laid down in the opinion of this court when this case was first under review here, (13 Kas. 217,) and as no new principle of law is now raised it is unnecessary to comment thereon. As the court gave the law in its instructions, it was useless to repeat them in a different form.

We think there was no error in any of the proceedings that would authorize a reversal of the judgment of the court below. The judgment will therefore be affirmed.

All the Justices concurring.