## GOLDIE v. CORDER.

No. 2115.  Opinion Filed December 7, 1912.

(129 Pac. 3.)

**NEW TRIAL**—Grounds—Newly Discovered Evidence—Admissions by Party.  In a suit on account for $25 per week, or in all $900, for work done pursuant to a parol contract, and on quantum meruit for a like amount for the same services, where plaintiff recovered the full amount, and where defendant had shown due diligence in his defense, which was a denial of said contract and a set-off, held, that a motion for a new trial on the ground of newly discovered · evidence, supported by affidavit that plaintiff during his term of service had admitted that he ''was drawing $20 per week,'' was properly sustained; the same being a distinct fact coming to defendant's knowledge after the trial, and material, and not cumulative.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*A. N. Munden; Judge.*

Action by Wallace R. Goldie against W. T. Corder.  From an order granting a new trial after verdict for plaintiff, he brings error.  Affirmed.

*Bolen & Adkins,* for plaintiff in error.

*Taylor, Pruitt & Sniggs,* for defendant in error.

TURNER, C. J.  On November 6, 1909, Wallace R. Goldie, plaintiff in error, sued W. T. Corder, defendant in error, in the superior court of Oklahoma county on account for $900 for work and labor done as a salesman in his shoe store from April 15, 1907, to June 15, 1909, at $25 a week, pursuant to an alleged parol contract between the parties.  For a second cause of action he sued in *quantum meruit* for work and labor done as a shoe salesman between those dates, alleging said services to be reasonably worth $25 a week, or in all $900.  For answer defendant, after pleading a general denial, alleged by way of set-off that he had paid plaintiff certain sums set forth in his answer; that plaintiff had purchased merchandise from defendant to the amount of $48.40, and alleged that plaintiff was absent from the store certain days during the year 1907.  He denied that plaintiff was to receive for his services $25 per week, but admitted that he was indebted to plaintiff in the sum of $201.60 only, which he tendered.  Upon the issues thus joined there was trial to a jury and judgment for plaintiff for the full amount claimed.

On November 11, 1909, defendant filed a motion for new trial.  On December 30, 1909, defendant filed a second motion for a new trial upon the additional ground of newly discovered evidence, basing it upon the affidavit of C. L. James, which substantially states that on May 7, 1907, plaintiff, in a conversation with affiant, stated that he had refused to consider a proposition to purchase an interest in the shoe store of defendant, and that he was doing well and was drawing $20 per week; that on April 18, 1908, he had another conversation with plaintiff in which he made the same statements; that affiant is a traveling salesman visiting Oklahoma City four times a year, and that upon these visits the conversations occurred; that he was well acquainted with plaintiff, having known him for about twelve years in Kansas City, Iowa, and Nebraska; "that he knows his reputation in said vicinity of the various places of residence for truth and veracity among the people he has associated with, and that his reputation is bad."  Also in support of the motion defendant filed his own affidavit, in substance, that it was some two weeks after the trial when he first discovered that he could prove by the

affiant James the matters and things set forth in his affidavit; that he first learned of the witness and the things he would testify as .stated when he, on November 22, 1909, came into affiant's store in Oklahoma City; that prior to the trial he had. made diligent search to find witnesses who would prove those facts, and had talked to various persons with a view to procuring said testimony; that said James has assured affiant that in case a new trial was granted he would attend and testify as set forth in his affidavit, and "that said newly discovered evidence is not merely cumulative, corroborative, or impeaching, but is new and important; that it would be likely, as affiant verily believes and charges, to change the result of a new trial." On January 1, 1910, said motion for a new trial was heard, and later sustained, and the verdict set aside and a new trial granted. Plaintiff brings the case here, and assigns for error that the court in so doing abused its discretion.

Of course, where discretion is exercised by the trial court, this court will reverse where the same has been abused. But this motion did not invoke the discretion of that court. It presented a simple and unmixed question of law, and we will not interfere, unless we can see that the court erred with reference thereto. Or, as stated in the syllabus of *J. Ten Cate v. M. E. Sharp*, 8 Okla. 300, 57 Pac. 645:

"This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

In *Clifford v. Denver, etc., Ry. Co.*, 12 Colo. at page 130, 20 Pac. at page 335, the court said:

"Counsel for the appellee insist that the order of the court granting a new trial will not be as readily reversed on appeal as when the motion has been denied. That such is the general rule there is no doubt, but it should be, and always in its application has been, limited to cases where there is a discretion reposed in

the court below, or when the new trial is granted on the ground that the verdict is against the evidence, or because injustice has been done. Where the court grants a new trial on a ground not discretionary, and errs in the application of a legal principle in so doing, such action will be corrected on appeal just as readily as if the motion had been overruled."

*Stapleton et al. v. O'Hara,* 33 Okla. 79, 124 Pac. 55.

But the test in these cases is as stated in *Shepherd v. Breton,* 15 Iowa, at page 90, which was an application for a new trial on the ground of newly discovered evidence. There the court said:

"It is conceded that if the court, in ordering a new trial, misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial. In such a case this court does not supervise the discretion of the court below, but determines whether the view taken of the law was correct. And therefore, if it appeared in this case that a new trial was granted to enable defendant to obtain testimony impeaching or cumulative merely, or to introduce testimony to obtain which no sufficient diligence had been used, we should have no hesitation in reversing such order; for in such a case the court would have no discretion. The law settles the rights of the parties, and it was simply the duty of the court to declare it."

But such the court did not do, as contended. The newly discovered evidence was material, and not cumulative. The evidence is all before us. The principal issue in the case was whether plaintiff was entitled to recover of defendant a salary of $25 a week as a salesman, either on a parol contract or on *quantum meruit.* The jury found that he was, but upon which does not appear. The plaintiff testified that he was so entitled on a parol contract; the defendant testified that he was not, and that no such contract ever existed. The newly discovered evidence is to the effect that prior to the suit and during his term of service plaintiff made to James an admission against his interest and in effect that he "was drawing a salary of $20 a week." This was a distinct fact, and, if admitted in evidence, might change the result.

*Klopp v. Jill,* 4 Kan. 482, was a suit for *quantum meruit,* in which plaintiff recovered. The defense was that certain plastering in dispute was agreed to be done at the same price for

which plaintiff plastered defendant's saloon. On a motion for a new trial on the ground of newly discovered evidence, supported by affidavit showing due diligence, and that plaintiff had admitted "he was to plaster for the same price that he did the saloon," the court held the same to be a distinct fact coming to defendant's knowledge after the trial, and material and not cumulative, and that the motion should have been sustained. In support of this, after citing *Waller v. Graves,* 20 Conn. 305, and *Guyot v. Butts,* 4 Wend. (N. Y.) 579, the court said:

"The affidavit of Stockman, offered in support of the motion for a new trial, states that Jill admitted to him (Stockman) in conversation that he was to plaster for the same price per yard that he did the saloon. Jill swore very differently on the trial. The case seems to be exactly similar to that of *Kane v. Barrus,* 2 Smedes & M. [Miss.] 313, cited in Graham & Waterman on New Trials, where, in an action on a promissory note against the maker in favor of plaintiff's intestate, after verdict for plaintiff, defendant produced the affidavit of witnesses that they had heard the intestate acknowledge the payment of $900 on the note, and also his own affidavit showing that the evidence had come to his knowledge since the trial, and that he had used due diligence to discover it. *Held,* that the maker was entitled to a new trial. So, also, in *Gardner v. Mitchell,* 6 Pick. [Mass.] 114 [17 Am. Dec. 349], which was an action for a breach of warranty in the sale of oil, the evidence alleged to have been newly discovered was confessions of the plaintiff, and the question was whether it was new or only cumulative. The confession was that the oil was as good as he expected. The court held this to be a new fact, not before in the case, and awarded a new trial. I am unable to perceive any essential point of difference between these cases and that of the newly discovered evidence of Adolph Stockman, as stated in his affidavit. I think the cause of justice will be likely to be subserved by a new trial."

We are therefore of opinion that the court did not err in granting the motion for a new trial.

Affirmed.

All the Justices concur.