## WEBER v. WEBER.

No. 9372—Opinion Filed Jan. 7, 1919.

Rehearing Denied March 18, 1919.

(179 Pac. 31.)

New Trial—Newly Discovered Evidence—Materiality.

In a suit for assault instituted by the plaintiff against the defendant, wherein it was charged that the defendant by force and violence attempted to have carnal intercourse with the plaintiff, and wherein the plaintiff recovered a judgment for a large amount, and the defendant has shown due diligence in his defense, which was a general denial, a motion for a new trial on the ground of newly discovered evidence, supported by affidavits that the plaintiff a short time after the alleged commission of the acts charged had stated voluntarily that the defendant did not lay his hands upon her, there being no other evidence of a similar nature, should have been sustained, as said evidence was distinct facts coming to the defendant's knowledge after the trial, and was material, and not cumulative.

(Syllabus by Hooker, C.)

Error from District Court, Blaine County: W. M. Bowles Judge.

Suit by Eva Weber against Fred Weber. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

J. P. Wishard, for plaintiff in error.

Seymour Foose, R. C. Brown, and H. M. Bear, for defendant in error.

Opinion by HOOKER, C. The plaintiff below instituted her action against Fred Weber to recover a judgment for damages in the sum of $5,000 alleged to have been caused to her for the following reasons: That on the 27th day of January, 1916, she and her husband and their children resided at Okeene, Okla., and that her husband at that time was engaged at work in a mill at night, and that she and her four children, the oldest of whom was not over eight years of age, remained alone, and that on said date shortly after dark the defendant, Fred Weber, came to her home during the absence of her husband, and while she was there with her children, and hollowed to her that he and his wife had come to pay them a visit, and that she, believing that statement to be true, went to the door of their two-room house and opened it for the purpose of admitting the defendant and his wife. That defendant's wife was not with him, and when she opened the door the defendant immediately came into the room and that said defendant did then and there make indecent proposals to her, and sought to persuade her to have sexual intercourse with him, and attempted to induce her to enter into indecent relations with him whenever he might desire, and he suggested that he would pay her therefor $50 per month, and an additional sum of $200 if she would not say anything about it so that the defendant's wife would find it out. This she alleges she refused to do, and that then and there said defendant willfully and maliciously committed an assault upon her by seizing her by the arm, back, and person, and attempted to throw her down with the intent and purpose on his part of forcing her against her will to have sexual intercourse with him. That she thereupon ordered him to leave the house, and gave an outcry, and in other wise resisted such assault, and finally succeeded in breaking away from him, and compelled the defendant to leave her house before he accomplished his purpose. And when said defendant did leave, he told the plaintiff in an angry and threatening manner that he would kill her if she ever said anything about what he had done, or if she ever told any one about it. That all this occurred in

the presence of her children, and in addition to the physical pain and suffering it greatly mortified and humiliated her, for which she instituted this action to recover damages as aforesaid.

The defendant denied that he was guilty of these acts, and upon these issues this cause was tried in the lower court

The plaintiff below testified substantially as outlined above, and the defendant denied the truthfulness of said testimony, and in addition thereto introduced some evidence which tended to show that the plaintiff had made similar charges against other parties in that locality, and that those charges were untrue, and in mitigation of damages he established, by the admission of the plaintiff herself, that she had given birth of two children before her marriage to her present husband, but this occurred in Russia and before they came to this country.

Likewise, the plaintiff below introduced some evidence or made some inquiry of the defendant seeking to establish that he was accustomed to making indecent proposals to women in his locality. The court was very liberal in allowing the introduction of the evidence, and at the conclusion of the evidence the court instructed the jury, as we believe fairly, and a verdict was returned in favor of the plaintiff and against the defendant for the sum of $1,500 actual damages, and $500 exemplary damages. From this judgment the defendant below has appealed, and contends that the trial court committed an error:

First. In overruling his demurrer to the evidence of the plaintiff.

Second. That the verdict is not sustained by sufficient evidence.

Third. For the reason that there were no actual damages shown, and said damages so assessed were purely speculative and punitive

Fourth. Excessive damages appearing to be given under influence of passion and prejudice.

Fifth. For errors occurring at the trial and duly excepted to by him.

Sixth. The court erred in giving instructions 4, 5, 6, 7, and 8 over his objection.

The first four assignments of error may be briefly disposed of as follows: If the testimony of the plaintiff below be true, then the judgment in this case was not sufficient to compensate her for the outrage committed against her. This evidence presented a question of fact, and the jury, after hearing all of the evidence in this case, and after a very vicious attack upon the virtue and integrity of the plaintiff below by the defendant in his effort to avoid a judgment against him, returned this verdict. We are not at liberty to disturb it upon the ground that the verdict is not sustained by the evidence.

As to the errors of law complained of in the introduction of the evidence wherein the defendant was asked certain questions concerning acts of adultery and other improper conduct by him, the record shows that no objection was taken by the court below: hence the error, if any, was waived and cannot be considered here.

With reference to the instructions in this case, the trial court instructed the jury in instruction No. 4 as to what constituted an assault, and as to what constituted battery. And by instruction No. 5 the court told the jury that if it believed from a preponderance of the evidence that on the date and at the place alleged by the plaintiff that said defendant committed the acts and was guilty of the conduct as alleged and testified to by the plaintiff, that its verdict should be for the plaintiff and against the defendant for damages in a sum not to exceed $5,000. And by instruction No. 6 the court advised the jury what to take into consideration in determining the damages, if any damages were sustained by the plaintiff. And by instruction No. 7 the court told the jury when punitive damages might be awarded. And instruction No. 8 is as follows:

"The defendant claims for his damages in this case that the plaintiff is prosecuting this case for the purpose of blackmailing and extorting money from him on account of malice and ill will towards the defendant, and the plaintiff's suit is without truth in fact. Upon this defense you are instructed that if you believe from the evidence that the defendant did not assault the plaintiff in manner and form as charged by her, and he is without fault, then your verdict should be for the defendant."

It is contended by the plaintiff in error that the effect of this instruction was to place the burden upon the defendant in this case to establish that he was not guilty of the offense charged against him. Considering this instruction in the light of the evidence, and in connection with the previous instruction of the court where the court told the jury positively that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence all of the

material allegations of her petition, and that if the evidence equally balanced, they should find for the defendant, we do not think that the jury was misled by this instruction. By an examination of the instructions we find that the jury was three times told that the burden was upon the plaintiff to establish her case by a preponderance of the evidence.

The verdict in this case was rendered on the 16th day of February, 1917. Thereafter on the 17th day of February, 1917, the said defendant filed a motion for a new trial, assigning 17 reasons why a new trial should be granted. Thereafter, on the 22d day of February, 1917, said defendant filed an amendment to his motion for a new trial, which alleged that since the rendition of said verdict he had ascertained some newly discovered evidence, and accompanied with said motion was the affidavit of Anna Nusc and Jacob Schriner, in which affidavit said Anna Nusc swears that she was 32 years of age, and lived in the vicinity of Okeene, and knew the plaintiff below; that she was present at the trial of this cause, and after said trial she told the defendant below what plaintiff below had told her relative to the transaction concerning which plaintiff below testified to upon the witness stand, and that the said Eva Weber did not tell the same story that she told on said witness stand, and that in her conversation with said Eva Weber, the said Eva Weber had told her that said Fred Weber came to her house, but that said Fred Weber did not touch her physically at all, and that when she refused to comply with his request, he, the said Fred Weber, without saying anything, went away; that she never told Fred Weber of said conversation until after the trial, and that said Fred Weber did not at any time prior to said trial know anything of her conversation with plaintiff below. And the said Jacob Schriner in his affidavit states that before said trial the said Eva Weber told him in relation to her suit against Fred Weber that said Fred Weber had not done anything to her but to talk, and that he did not tell Fred Weber of said conversation until several days after the trial; that he had asked Eva Weber why she had sued Fred Weber, and for what purpose, and what he had done to her, and she said nothing, only that Fred talked too much about his relations, and that he did not communicate these to Fred Weber until after the trial, as he did not attach any importance to them.

The court overruled this motion for a new

trial, and the plaintiff contends that this was error in view of the decisions of this court in the case of Goldie v. Corder, 35 Okla. 247, 129 Pac. 3.

Section 5035, Rev. Laws 1910, provides as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, * * * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The pivotal point in the case below was whether the defendant was guilty of assault and the acts charged against him by the plaintiff below. Cases of this character are calculated as oftentimes due to unconsciously influence jurors in their decision, and we are not complaining as to that, but it seems to us that the trial court should have granted a new trial under these affidavits. The same were not contradicted, and this testimony, owing to the peculiar nature of this case, might have had a very material effect upon the verdict of this jury.

This court, in the case of Burford v. Benton, 44 Okla. 283, 144 Pac. 349, has said:

"There appears to have been sufficient diligence shown in the matter, and sufficient reasons given as to why this evidence was not available at the trial; and while it might be said that the newly discovered evidence is, in a sense, cumulative, yet it is not altogether so; and, besides, the general rule that newly discovered evidence, merely cumulative in its nature, will not ordinarily be sufficient to require the granting of a new trial, yet this general rule, like most others, has its exceptions; and one of them is, where the newly discovered evidence goes to the pivotal point in the case, and is * * * so convincing in its nature that the court can clearly see that with this evidence in the case a different verdict would most probably result, then in the interest of justice a new trial should be ordered. [See authorities cited.]"

This court, in the case of Goldie v. Corder, 35 Okla. 247, 129 Pac. 3, said:

"In a suit on account for $25 per week, or in all $900, for work done pursuant to a parol contract, * * * where plaintiff recovered the full amount, and where defendant had shown due diligence in his defense, which was a denial of said contract and a set-off, held, that a motion for a new trial on the ground of newly discovered evidence, supported by affidavits that plain-

tiff during his term of service had admitted that he 'was drawing $20 per week,' was properly sustained; the same being a distinct fact coming to defendant's knowledge after the trial, and material, and not cumulative."

And in the body of the opinion it is said:

"Of course, where discretion is exercised by the trial court, this court will reverse where the same has been abused. But this motion did not invoke the discretion of that court. It presented a simple and unmixed question of law, and we will not interfere unless we can see that the court erred with reference thereto. Or as stated in the syllabus of J. Ten Cate v. M. E. Sharp. 8 Okla. 300, 57 Pac. 645:

" 'This court will not reverse the ruling of the trial court granting a new trial, unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial.'

"In Clifford v. Denver, etc., Ry. Co., 12 Colo. at page 130, 20 Pac. at page 335, the court said:

" 'Counsel for the appellee insist that the order of the court granting a new trial will not be as readily reversed on appeal as when the motion has been denied. That such is the general rule there is no doubt, but it should be, and always in its application has been, limited to cases where there is a discretion reposed in the court below, or when the new trial is granted on the ground that the verdict is against the evidence, or because injustice has been done. Where the court grants a new trial on a ground not discretionary, and errs in the application of a legal principle in so doing, such action will be corrected on appeal just as readily as if the motion had been overruled."

See, also, Shepherd v. Breton, 15 Iowa, 90; Klopp v. Jill, 4 Kan. 482; Waller v. Graves, 20 Conn. 305.

This newly discovered evidence was not cumulative.

This court, in Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, L. R. A. 1916C, 1160, said:

" 'Cumulative evidence' has often been described as additional evidence of the same kind, to the same point. '* * *

"Evidence to prove a distinct issue is not cumulative. A generally recognized rule is

that evidence of a distinct probative fact is not cumulative evidence of another fact, although both facts support the same issue. Although evidence is additional to other evidence tending to prove the same position, yet it is not cumulative if it is of a different character, tending to establish the same result by proof of a new and distinct fact. * * * 'Cumulative evidence, as the term is here used,' it was said in Layman v. Minneapolis Street R. Co.. 66 Minn. 452, 69 N.W. 329, 'is held to be evidence which speaks to facts in relation to which there was evidence on the trial; or, in other words, it is additional evidence of the same kind, and to the same point, as that given on the first trial. But it is not cumulative if it relate to distinct and independent facts of a different character, tending to establish the same ground of claim or defense.' "

In Guyot v. Butts, 4 Wend. (N. Y.) 579, the defendant, to show payment by his testator of the note sued upon, offered circumstantial evidence showing that plaintiffs were poor, that testator was able to pay, and that plaintiffs had no credit with testator during the time the note was alleged to have been due. Newly discovered evidence of plaintiff's acknowledgment that testator had paid the note was held to be "a fact of a different kind from any proved on the trial," and not cumulative.

Where the issue at the trial is the genuineness of a receipt, the newly discovered testimony of a witness who saw the payment made is neither additional evidence to support the same point, nor is it evidence of the same character as that produced at the trial. Van Riper v. Dundee Mfg. Co., 33 N. J. Law, 152.

And in Wolf v. Mahan, 57 Tex. 171, it is held:

"Evidence is not cumulative * * * because generally evidence may have indirectly tended to establish the same."

In Junget v. A. E. & C. R. Co., 177 Ill. App. 435, it is stated that newly discovered evidence of a person who saw the plaintiff in a personal injury action treating herself for tumor prior to the accident complained of is not cumulative to argument, and expert opinion offered at the trial to show that the plaintiff's condition had not resulted from the injury.

And in St. L. S. W. R. Co. v Smith, 38 Tex. Civ. App. 507, 86 S. W. 943, in an action for damages for the loss of an eye, newly discovered evidence of an eye specialist who, in testing plaintiff's eye. learned that it was unimpaired, is held not cumulative to the testimony of physicians

who examined the eye at the trial. and expressed their opinion with respect to it.

And in Platt v. Munroe, 34 Barb. (N. Y.) 291. and Protection L. Ins. Co. v. Dill, 91 Ill. 174, the discovery of the instrument sued upon which was supposed to have been lost was held not cumulative evidence as being of a higher grade than that produced at the trial.

And in Guth v. Bell, 153 Iowa. 511, 133 N. W. 883, 42 L. R. A. (N. S.) 692, Ann. Cas. 1913F, 142, it is held that:

"Where, in an action involving the condition of hogs sold by plaintiff to defendant, a witness has testified that the hogs were unloaded in a certain stockyard during their transportation, newly discovered evidence consisting of the stockyard records showing the same fact is not cumulative."

Applying the rule as laid down by Mr. Justice Sharp in the Vickers Case above stated, it is clear to our mind that this evidence is not cumulative, as it relates to a distinct and an independent fact of a different character, although tending to establish the main defense of the defendant here; that is, that he was not guilty of the assault charged. .

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.