## GREGORY et al. v. FARMERS' UNION EXCHANGE.

No. 13662—Opinion Filed March 11, 1924.

### 1. New Trial—Newly Discovered Evidence —Sufficiency.

A motion for new trial on the ground of newly discovered evidence should be sustained, when it appears that the evidence, if produced, would probably produce a different result.

**2. Same—Diligence.**

Where the newly discovered evidence is material and would probably produce a different result, and the losing party has not failed to produce it at the trial because of lack of diligence on his part, a motion for new trial on that ground should be sustained.

**3. Same—"Cumulative Evidence."**

Cumulative evidence, in the law governing the granting of new trials, is additional evidence of the same kind and to the same point as that given on the first trial, but it is not cumulative if it relates to distinct and independent facts of a different character, though tending to establish the same ground of claim or defense.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Cham Jones, Judge

Action by the Farmers' Union Exchange of Stecker, Oklahoma, a corporation, against Ambers H. Gregory and American Surety Company, to recover on an indemnity bond. Judgment for plaintiff, and defendants appeal. Reversed.

R. L. Lawrence and Theodore Pruitt, for plaintiffs in error.

Morris & Jameson, for defendants in error.

Opinion by FOSTER, C. In the spring of 1920, the Farmers' Union Exchange, a corporation, opened up a mercantile store in the town of Stecker, Okla. On April 16, 1920, Ambers H. Gregory was placed in charge of said store as manager, and continued to act in that capacity until October 27, 1920. On June 14, 1920, said Ambers H. Gregory executed a bond for the sum of $2,000 to his employer with the American Surety Company of New York, as surety, conditioned that he would not as such manager commit any acts of larceny or indebtedness, directly or through connivance with others, while so employed as such manager.

An invoice and audit of the books of the Farmers' Union Exchange was made on October 27, 1920, whereupon the Farmers' Union Exchange, defendant in error, plaintiff below, brought suit against Ambers H. Gregory and the American Surety Company of New York, plaintiffs in error, defendants below, on the bond for the sum of $2,000.

The parties will be hereinafter referred to as they appeared in the court below.

The petition of plaintiff alleged that the defendant Gregory, while acting as manager, did, between April 21 and October 27, 1920, embezzle money and personal property of the plaintiff to the amount of $2,131.42, and wrongfully appropriated the same to his own use. To the petition, the defendants filed a motion to make more definite and certain, which was overruled by the court and exceptions allowed. After the court had overruled their demurrer to the petition of the plaintiff, the defendants excepted and filed an answer in the nature of a general denial.

The cause proceeded to trial before a court and a jury on September 27, 1921, and resulted in a verdict for the plaintiff in the sum of $1,500. Motion for new trial was filed and overruled, exceptions taken, and the defendants bring the cause regularly on appeal to this court on petition in error and case-made.

It is admitted in the briefs of both parties that when the defendant Gregory was checked out on October 27, 1920, he returned to the company about $126 less than the amount of cash paid in. It was the contention of the plaintiff that during the time the defendant Gregory was in charge of its store, its business prospered, and that the defendant Gregory embezzled all of the profits in the sum of about $1,500, and $126 of the capital.

The defendants contended on the other hand that the business was a losing proposition from its inception, and that the reason Gregory was not able to turn over to his employer any profits was that the business honestly administered had not been capable of earning any profits on account of general adverse business conditions.

As we viewed the evidence the trial largely revolved around the controverted question of whether or not there had been any profits earned by the company, rather than upon specific acts of embezzlement by Gregory of specific articles of property, or of specific funds.

It is sufficient to say here that the jury believed the theory of the plaintiff that there had been $1,500 in profits earned by the business, all of which had been embezzled by Gregory, and returned its verdict against the defendants accordingly.

Several errors are assigned and discussed, but it will only be necessary in our view of the case to examine the one growing out of the ruling of the court on a motion for a new trial on the ground of newly discovered evidence.

The testimony of John Wernli and George James, officers of the plaintiff company, was introduced by the plaintiff in rebuttal, and was to the effect that after the defendant Gregory had been discharged on October 27, 1920, the company had done a prosperous

business and continued to prosper up to the time of the trial.

A few days after the trial a stockholders' meeting of the plaintiff company occurred at which the said John Wernli, as secretary of the plaintiff company, reported that he was closing out the stock at fifty cents on the dollar, and that the company had lost something like $3,000 since the defendant Gregory was discharged as manager of the company; that the company lacked $50 of realizing enough money from the sale of its stock of merchandise to pay its indebtedness, and that its total assets after paying its indebtedness amounted to about $2,440, or about $3,000 less than the total capital put into the company at the beginning; that at this meeting some of the stockholders, particularly George Parrish and Feegee Parrish, learned for the first time that the directors of the company had taken an inventory on the 14th day of February, 1921, which disclosed that the company had been conducting a losing business, and that this state of facts had been withheld by the directors from the stockholders prior to the trial of the cause in September, 1921.

The defendants thereupon filed a motion for a new trial upon the ground of this newly discovered evidence in which it was alleged that the board of directors were hostile to the defendants and had been unwilling to disclose any information favorable to the defendants, and that such newly discovered evidence was such that it could not have been discovered by the defendants with due diligence before the trial, was material to the issues in the case, not cumulative, corroborative, or impeaching in its nature, and was such as to probably change the result if a new trial should be granted.

A hearing was had at which the affidavits of George Parrish and Feegee Parrish were read, the testimony of R. L. Lawrence and Theodore Pruett, attorneys for the defendants, and John Wernli introduced from which it was made to appear substantially as stated above, and in addition it was made to appear upon the testimony of the said attorneys that no testimony was introduced by them at the trial tending to show the condition of the plaintiff's business after Gregory was discharged, and that the only testimony introduced was the testimony of Wernli and James, introduced by the defendants, to the effect that the business continued prosperous after that time.

The motion for a new trial was overruled.

It seems clear to us that this testimony was material. The only evidence introduced at the trial on the subject of the condition of plaintiff's business after Gregory was discharged was the testimony of witnesses for the plaintiff in rebuttal to the effect that the business then was prosperous. The nature of the case and the character of the evidence was such that the question of profits earned by the company during the six months Gregory was manager was a vital point in the case.

In view of the confusion likely to arise in the minds of the jury in its attempt to base a verdict upon conflicting methods of computation as to profit or loss, it is not difficult to understand how the jury might be lead to give great weight to this testimony in arriving at its verdict. We are not unmindful of the rule established in this jurisdiction that before a new trial should be granted on the ground of newly discovered evidence, it should appear that the evidence, if produced, would probably produce a different result, and in passing upon such a motion a certain amount of discretion is vested in the trial court. Eisminger v. Beman, 32 Okla. 818, 124 Pac. 289.

Under the admission contained in the briefs, the nature of the case is such that there would be no embezzlement if there were no profits earned by the company. For reasons which we have already stated, it seems clear to us that evidence of the unprofitable nature of the business conducted after the retirement of the defendant Gregory would probably produce a different result.

It is contended, however, by the plaintiff defendants at the trial that the business in its brief that the evidence is merely cumulative. With this contention we cannot agree.

It is insisted that the evidence set up in the motion for a new trial, if true, would merely corroborate the contention of the defendants at the trial that the business was not prosperous during the time that Gregory was in charge as manager. It is well settled, however, that evidence of a distinct probative fact is not cumulative evidence of another fact merely because both facts support the same issue. It follows, therefore, that the evidence offered as grounds for a new trial in this case is not cumulative merely because it tends to support the contention made by the defendants at the trial that the business had been conducted at a loss.

The true rule is laid down in the case of Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1025, as follows:

"'Cumulative evidence,' in the law governing the granting of new trials, is additional evidence of the same kind and to

the same point as that given on the first trial, but it is not cumulative if it relates to distinct and independent facts of a different character, though tending to establish the same ground of claim or defense."

In the body of the opinion, the court said:

"* * * Evidence to prove a distinct issue is not cumulative. A generally recognized rule is that evidence of a distinct probative fact is not cumulative evidence of another fact, although both facts support the same issue. * * *

"* * * But it is not cumulative if it relate to distinct and independent facts of a different character tending to establish the same ground of claim or defense."

In the case of Weber v. Weber, 74 Oklahoma, 179 Pac. 31, it is said in the syllabus:

"* * * A motion for a new trial on the ground of newly discovered evidence, supported by affidavits that the plaintiff a short time after the alleged commission of the acts charged had stated voluntarily that the defendant did not lay his hands upon her, there being no other evidence of a similar nature, should have been sustained, as said evidence was distinct facts coming to the defendant's knowledge after the trial, and was material, and not cumulative."

The court further said in the body of the opinion:

"Applying the rule as laid down by Mr. Justice Sharp in the Vickers Case above stated, it is clear to our mind that this evidence is not cumulative, as it relates to a distinct and an independent fact of a different character, although tending to establish the main defense of the defendant here; that is, that he was not guilty of the assault charged."

The record in the instant case shows that the only evidence introduced on the question of profits after Gregory retired was introduced by the plaintiff, and it is difficult to see how the evidence in question could be cumulative or additional to other testimony of defendants when none had been introduced by them. If there had been testimony introduced by the defendants at the trial tending to show that after Gregory retired the business continued to be unprofitable, the evidence set forth in the motion for a new trial might with propriety be said to be cumulative and corroborative in its character, but so far as the defendants are concerned the testimony relates to distinct and independent facts tending to establish the main defense of the defendants, but of a different character entirely from any fact introduced by them at the trial.

If the evidence in question was not cumulative it is not objectionable merely because it appears to impeach some of the witnesses for the plaintiff, who testified at the trial.

In the case of Roeser v. Pease, 37 Okla. 222, 131 Pac. 534, the plaintiff sued for personal injuries and these injuries caused severe and acute pains in her back and head. The plaintiff and her mother testified at the trial that plaintiff had not had these pains in her back and head before the injury. The defendant offered no testimony on this subject and the testimony of the plaintiff and her mother was the only testimony on the subject introduced at the trial. The defendant, on motion for a new trial on the ground of newly discovered evidence, produced the affidavit of the physician who attended plaintiff prior to her injury, which showed that the plaintiff was afflicted with a physical disturbance and suffered backache and headache before the injury, and that such physical disturbance was likely to cause such pains to continue after she sustained her injury. The court held that this newly discovered testimony, although an impeachment of the testimony of the plaintiff and her mother, was such as to entitle the defendant to a new trial, and that it would probably change the result of the verdict.

In view of the fact as set forth in the motion for a new trial that the directors of the plaintiff company were concealing the losing condition of the company from its stockholders at and before the trial, and in view of the testimony of the attorneys for defendants that they had no knowledge or information prior to the trial of the true condition of the plaintiff company, we do not think it can be said that the defendants showed a want of diligence in not producing the evidence in question at the trial.

For the reason stated, we think the case should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.